# Alabama State Mutual Assurance Co. *v.* Long Clothing & Shoe Co.

*Action on Insurance Policy.*

1. *Fire insurance; waiver of forfeiture; how shown.*—The provision in a policy of fire insurance that it shall cease to be a binding contract upon the company if the insured obtains additional insurance on the same goods, without giving notice to, and obtaining the written consent of, the said insurance com-

[Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co.]

pany, being a provision for the benefit of the insurer, can be waived by the insurer; and the waiver of such stipulation can be shown either by parol or by the acts and conduct of the insurer.

2. *Same; same; when shown.*—Where a fire insurance policy contains a stipulation that the procuring of additional insurance without the written consent of the insurer, shall work a forfeiture of the policy, if before a loss of the property insured the company has knowledge or notice of the violation of this stipulation by the insured, and fails for a reasonable time to asserts the forfeiture therein provided for, such failure will be treated as the company's assent to the additional insurance, and constitutes a waiver of the forfeiture.

3. *Same; same; authority of agent; notice.*—An insurance agent who is only authorized to solicit and take applications for insurance, and deliver the policy and receive the premium, has no authority to waive a condition of a policy providing that it shall be void in case insured procures additional insurance without its consent; nor is notice to him of the insured procuring additional insurance notice thereof to the company.

4. *Same; same; same; burden of proof.*—In an action on a policy, when the defense is a forfeiture of the policy on the ground that insured procured additional insurance without the insurer's consent, contrary to the provisions of the policy, if a waiver of the provision by reason of notice to the local agent is relied on, the burden of showing that he has authority to receive it rests on insured.

5. *Same; same; inspection of loss*—A retention of the premium, and inspection of a loss by insurer, without expense or inconvenience to insured, after knowledge of the procurement by insured of additional insurance without its consent and contrary to the provisions of the policy, does not constitute a waiver of the forfeiture occasioned by such procurement.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

This action was brought by the appellee against the appellant, and counted in the Code form, upon a policy of insurance.

The defendant pleaded the general issue, and by the second special plea, it set up the violation of a contract of insurance, in that, contrary to the stipulations of said contract, the plaintiff obtained additional insurance upon the goods alleged to have been damaged, without

giving notice to, and obtaining the written consent of, the defendant. To this second special plea, the plaintiff filed nine replications. Demurrers were sustained to the 6th and 8th, and it is, therefore, unnecessary to set them out at length.

The first replication averred that the allegations contained in said second plea were not true. The remaining replications were as follows:

"Second. Before such loss occurred notice of such additional insurance was given to the defendant, and no objection was made thereto by said defendant prior to such loss; and the defendant had a reasonable time after such notice and before such loss within which to make such objection.

"Third. Before such loss notice of such additional insurance was given the defendant by the plaintiff, and the said defendant made no objection or dissent thereto and did not cancel the said policy, and did not return the unearned premium thereof; and the defendant had a reasonable time in which to make such objection and dissent, to cancel said policy and return said unearned premium after such notice was given and before such loss occurred.

"Fourth. Before such loss occurred the defendant, with notice of such additional insurance, waived the grounds set up in its second plea by failing to make objection within a reasonable time to such additional insurance; and the defendant had a reasonable time in which to make such objection after such notice and before such loss occurred.

"Fifth. Before such loss occurred the defendant, with notice of such additional insurance, waived the grounds set up in its second plea by failing to make objection to or to dissent from such additional insurance, and by failing to cancel said policy and to repay to plaintiff the unearned premium thereon; and the defendant had reasonable time within which to make such objection and dissent, cancellation and repayment after notice had and before such loss occurred.

"Seventh. Said additional insurance was effected by M. G. McCargo, then and there the agent of the defendant, and the defendant did not express disapproval as to

such additional insurance and made no objection thereto.

"Ninth. Heretofore, on, to-wit, the 12th day of May, 1897, one M. G. McCargo, with an office in the city of Talladega, Talladega county, Alabama, was engaged in business as a general insurance agent. The said defendant, knowing the said McCargo to be engaged in such business, selected him as its agent in the said city of Talladega to transact business for it, and the said McCargo, from a time anterior to the said 12th day of May, 1897, until after, to-wit, the 28th day of September, 1897, continuously, continued to act and was held out to the general public by the said defendant as its agent in the said city of Talladega; and as such agent the said McCargo received from the plaintiff a premium of, to-wit, $10 (ten dollars) and delivered to it the policy sued on in this case. Afterwards, on, to-wit, the 2d day of July, 1897, the plaintiff applied to the said McCargo, doing such general insurance business, for additional insurance, and the said McCargo then and there agreed with the plaintiff to effect for it such additional insurance. Whereupon, said McCargo, who still continued, as aforesaid, to be the agent of the said defendant, and who was also at the same time the agent of, to-wit, the Southern Mutual Fire Insurance Company of Alabama, as such agent, agreed and contracted with the plaintiff for the additional insurance in the sum of, to-wit, one thousand dollars ($1,000), and thereupon issued to the plaintiff a policy on the said property in the said Southern Mutual Fire Insurance Company of Alabama for the said additional amount of one thousand dollars; and in the said policy to the said last named company he, said McCargo, inserted a clause in words and figures as follows, to-wit: '$1,000 additional insurance permitted, warranted to be concurrent herewith.' And by the same he intended to refer and did refer to the policy of insurance sued on in this case, which said additional insurance policy so issued is the additional insurance complained of in said defendant's second plea. Afterwards, on, to-wit, the 20th day of September, 1897, the plaintiff suffered the loss sued on in this case, and after the said loss the said defendant, with notice of the said additional

insurance and with notice that the insurer thereof was
on the point of sending or had sent an adjuster or in-
spector to the place of loss, to-wit, in the city of Talla-
dega, sent its adjuster, to-wit, A. H. Borders, to visit and
inspect the said loss contemporaneously with the inspec-
tion of the said loss by the adjuster of the said Southern
Mutual Fire Insurance Company of Alabama; and the
said defendant, by and through its said inspector, after
the said loss and damage, on, to-wit, the 21st day of Sep-
tember, 1897, visited the said loss and inspected the same
as aforesaid.   And plaintiff further avers that the said
defendant continued to retain and still retains the said
premium for the said policy sued on in this case."

To the second replication, the defendant demurred
upon the following grounds:  1. For what said replica-
tion is no answer to the plea.  2. For that said replica-
tion does not traverse any material allegation in said
plea nor confess and avoid the same.  3. For that said
replication admits the forfeiture averred in the plea, and
shows no waiver thereof by the defendant.  4. For that
the forfeiture averred in the plea is confessed by the
replication, and the defendant was not required by any
stipulations contained in the conditions of the policy set
forth in the plea or the replications to make any objec-
tions to the forfeiture, and the failure to make such ob-
jection is not a waiver thereof.  5. The defendant was ·
not required to make any objection to the additional in-
surance after notice thereof, and the failure so to do is
not a waiver of the forfeiture averred in the plea and ad-
mitted in the replication.

To the third replication the defendant demurred upon
the grounds of demurrer interposed to the second repli-
cation, and upon the following additional ground:   6.
For that under the facts alleged in said replication the
defendant was under no obligation to return the un-
earned premium of said policy of insurance, and the
failure to do so is not a waiver of the forfeiture of the
policy.

To the 4th and 5th replications the defendant de-
murred upon the same grounds as were interposed to the
3d replication.

To the 6th and 7th replications, the defendant

demurred upon the grounds interposed to the 3d replication, and upon the following additional grounds: 7. The facts averred in said sixth replication, to second plea shows that in the matter of the issuing the additional policy of insurance therein mentioned said M. G. McCargo was acting, not as the agent of this defendant, but as the agent of the company by which such additional policy of insurance was issued. 8. For that notice or information received by said M. G. McCargo in the manner stated in said replication, and at the time therein mentioned is no notice to the defendant for that it appears that said M. G. McCargo was then acting as agent of and on behalf of another company. 9. For that the alleged understanding and agreement between said M. G. McCargo and the plaintiff that the policy herein sued on was to be and remain in full force and effect is not an agreement binding upon this defendant, nor one which operates as the waiver of the forfeiture averred in the plea. 10. For that it does not appear that the alleged notice of the additional policy of insurance was given to the secretary of the defendant, and that his consent was obtained thereto in writing. 11. For that it is not averred that the alleged understanding or agreement with plaintiff that the policy herein sued on was to be and remain in full force and effect, was made by any officer or agent of the defendant, having authority to bind it in the premises. 12. That the alleged reference in the additional policy of insurance mentioned to the policy of insurance sued on in this case is in no sense binding upon this defendant, and does not serve to waive the admitted forfeiture of the policy sued on.

To the 9th replication, the defendant demurred upon the same grounds as were interposed to the 6th and 7th replications, and upon the following additional grounds: 13. The averment in said replication that the adjuster of the defendant did visit said loss and inspect the same is not a waiver of the forfeiture mention in the second plea. 14. The averment in said replication that the adjuster visited the said loss and inspected the same, and in so doing recognized the validity of the policy, is the mere

conclusion of the pleader which is not supported by the facts alleged therein. 15. It does not appear from the allegations of said replication that the defendant's adjuster had any power or authority to waive the forfeiture mentioned in the plea. 16. It does not appear from any fact averred in said replication that the defendant's adjuster did waive the forfeiture alleged in the plea. 17. It does not appear by any facts alleged therein that the defendant waived the forfeiture mentioned in the plea.

These demurrers to the several replications were each overruled, and the defendants separately excepted to each of these rulings. Thereupon the defendant filed the following rejoinders: "First. The allegations contained in said replications are not true in manner or form therein alleged.

"Second. The alleged notice to the defendant of the additional policy of insurance mentioned in said replications prior to the loss sued on was given to one M. G. McCargo, and not to any other officer or agent of the defendant. That said M. G. McCargo had no power or authority to consent to the issuance of said additional policy of insurance, that he had no power or authority to, and in fact did not, issue the policy of insurance sued on. That said M. G. McCargo received applications for insurance and forwarded the same to the defendant, collected premiums and delivered the policy and had authority to do each of these things, but he had no authority to issue or countersign a policy of insurance, or to give consent to additional insurance. That it appears by the policy of insurance sued on in this case that the same was not issued or countersigned by said M. G. McCargo, and that no person other than the secretary of the defendant had authority to consent to other insurance, and that it was the duty of the plaintiff to give notice to the secretary of the defendant that he desired to obtain such consent; and that in fact the plaintiff did not give any such notice to the secretary of the defendant before the loss occurred. That the defendant was without knowledge of the issuance of the additional policy of insurance before the loss occurred, unless the knowledge of said M. G. McCargo is imputed to it."

To the second rejoinder filed by the defendant to the

plaintiff's replication, the plaintiff demurred upon the following grounds: 1. Said rejoinder does not traverse any material allegation of said replication, nor does it confess the same, and by material allegation of fact or facts avoid the same. 2. It does not allege that the plaintiff, prior to said loss, had notice of any restriction placed upon the authority of the said McCargo. 3. For that it makes no difference whether or not the said Mc-Cargo had authority to issue or countersign policies or give consent to additional insurance. This demurrer to the defendant's rejoinders was sustained, and to this ruling the defendant duly excepted.

Upon issue joined on the pleadings, there were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court upon the pleadings, to which exceptions were reserved.

Knox, Bowie & Dixon, for appellant.—A waiver of the forfeiture of a policy cannot be imputed from the mere silence of the company. "It is not obliged to do or say anything to make the forfeiture effectual. It may wait until claim is made under the policy and then in denial thereof, or in defense of a suit commenced therefor, allege the forfeiture."—*Queen Insurance Co. v. Young*, 86 Ala. 430; *Titus v. Glenn Falls Insurance Co.*, 81 N. Y. 419; 2 May on Insurance, § § 507, 508. "A failure, after knowledge of forfeiture to return premiums received before knowledge is not a waiver of the forfeiture."—2 May on Insurance, § 507.

"Notice to an agent is notice to the principal *only* when it is acquired while engaged in the business of the principal, within the scope of his authority and respecting a transaction then pending."—*Queen Insurance Co. v. Young*, 86 Ala. 431. The mere sending of an adjuster to the place of an alleged loss for the purpose of inspecting the loss, and when no act is done to the prejudice of the insured and he is not put to any trouble or expense thereby, is not a waiver of the forfeiture.—2 May on Insurance, § 507.

Browne & Dryer, *contra*.

SHARPE, J.—The action is in the Code form upon a policy of fire insurance.

The errors assigned relate only to the action of the court in overruling demurrers to replications 2, 3, 4, 5, 7 and 9 to the 2d plea, and in overruling the demurrer to the special rejoinder to those replications.

The 2d plea averred in substance that the plaintiff violated the contract of insurance by obtaining contrary to its stipulations additional insurance upon the goods alleged to have been damaged, without giving notice to and obtaining the written consent of the defendant.

The replications in question each set up in avoidance of the plea facts depended upon as constituting a waiver on the part of the defendant of the stipulation respecting additional insurance.

Provisions like the one set out in the second plea are inserted for the benefit of the insurer and can, therefore, be waived by the insurer. Since the law of waiver and estoppel cannot be abolished by contract, the stipulation which in case of additional insurance purports to hinge the validity of the policy upon the written consent of the secretary, does not prevent the operation of the usual rules by which a waiver of that clause may be established. Such waiver may, therefore, be shown by parol and even by acts, declarations or conduct on the part of the insurer.—*Queen Ins. Co. v. Young*, 86 Ala. 424; *Bouton v. Am. Mut. L. Ins. Co.*, 25 Conn. 542; *Knickerbocker Ins. Co. v. Norton*, 96 U. S. 234; *N. Y. Life Ins. Co. v. Eggleston*, 96 U. S. 572; *Ins. Co. v. French*, 30 Ohio St. 240; *Ins. Co. v. Earle*, 33 Mich. 153; *Williams v. Maine State Relief Asso'n*, (Me.) 36 Atl. Rep. 13.

A waiver may be founded upon an estoppel but it is not so necessarily. Though the conduct of the insurer may not have actually misled the insured to his prejudice or into an altered position, yet, if after knowledge of all the facts, its conduct has been such as to reasonably imply a purpose not to insist upon a forfeiture, the law leaning against forfeitures will apply the peculiar doctrine of waiver invented probably to prevent them, and will hold the insurer irrevocably bound as by an election to treat the contract as if no cause of forfeiture had occurred. *Kiernan v. Duchess Co. Mut. Ins. Co.*, 44 Atl. Rep. (N. Y.) 698; *Titus v. Glenn Falls Ins. Co.*, 81 N. Y. 410,

Under this principle the sufficiency of the second, third, fourth and fifth replications may be tested. They set up no estoppel, but they each aver the failure of the defendant to object to the additional insurance before the loss occurred, though it had been given notice of the subsequent insurance and a reasonable time for objections had then elapsed.

The authorities appear to be generally agreed that such failure to act on the part of the insurer is evidence of an intention to waive the stipulations against additional insurance, but they are not entirely in accord as to whether such non-action in itself will constitute a waiver as a legal conclusion. In *Queen Ins. Co. v. Young, supra*, it was said: "If the defendant did not have notice of the forfeiture until after the destruction of the goods, some affirmative act or conduct is requisite. In such case a waiver cannot be inferred from mere silence." But where the notice is given the company before the loss, the reason is strong for holding it to the duty of expressing its dissent in some unequivocal way if a forfeiture is to be claimed. The right of forfeiture residing alone with the company, it should not hold it in abeyance for an unreasonable time so as to thereafter be enabled to accept or reject the contract as may suit its interests, while the other party continues bound for the premium and ought to know whether the property is protected. Acquiescence of the company in the continuance of the contract may be more readily presumed where it may bring benefits than where nothing but loss is in sight, and the insured is therefore more likely to be misled by the lack of objection. The view that the silence of the company in such case should be treated as its assent to the additional insurance is reasonable, and it is well supported by authority.—Beach on Ins., § 767; Wood on Ins., p. 807; *Ins. Co. v. Lyon*, 38 Tex. 253; *Cromwell v. Phœnix Ins. Co.*, 47 Mo. App. 109; *Potter v. Ontario Ins. Co.*, 5 Hill (N. Y.) 147. See also *Marple v. Ins. Co.*, 27 N. E. Rep. (Ind.) 633; *Joliffe v. Madison Mut. Ins. Co.*, 39 Wis. 111; *Haywood v. National Ins. Co.*, 52 Mo. 181.

The last mentioned replications were, therefore, each

good in avoidance of the plea, and the demurrers thereto were properly overruled.

Replications 7 and 9 each aver acts of the defendant's agent, McCargo, as assenting to and thereby waiving in behalf of the company the breach of the stipulation in question. There is a material difference in the power of an agent in respect of waiving provisions against other insurance existing within his knowledge at the time of his issuance of a policy and in respect of waiving subsequent insurance. We have only to consider his authority in the second case and in view of the contract here involved. Where, as in this case, the contract provides whose consent shall be necessary to the allowance of a second policy, the insured is bound by it, and while it is operative the consent of another person will not suffice. Wood on Ins., 796; *Stark v. Hurd,* 19 Ohio 149. The provision, however, may be modified or changed and the alteration may be shown by proof that the company has actually conferred the power on another, or that it has held out one as having the power.—Biddle on Ins., § 1081. Not every agent of an insurance company, though authorized and held out as being authorized to transact business for it, can waive a forfeiture arising from subsequent insurance. And one "who is only authorized to solicit and take applications for insurance and receive the premiums and deliver the policy after having been signed by the proper officers, has no authority express or implied to waive" such breach.—*Queen Ins. Co. v. Young, supra; Central City Ins. Co. v. Oates,* 86 Ala. 558; *Phœnix Ins. Co. v. Copeland,* 90 Ala. 386; *Taylor v. State Ins. Co.,* 98 Iowa, 521; 60 Am. St. Rep. 210; *German Ins. Co. v. Heiduk,* 30 Neb. 288; 27 Am. St. Rep. 402. And where a merely local agent is depended upon as having authority to receive notice of such other insurance, the burden of showing that his authority extends so far, rests upon the assured.—*Miller v. Hamilton F. Ins. Co.,* 17 N. Y. 609; *Security Co. v. Fay,* 22 Mich. 467.

Neither of the replications 7 and 9 show authority in McCargo to either waive the breach averred in the second plea or to receive notice upon which a waiver by the defendant might be based. The overruling of the demur-

rers left the want of authority to be set up by rejoinder, one effect of which was to misplace the burden of proof. The retention of the premium and the inspection of the damage.by the company without any expense or inconvenience to the plaintiff do not, either by themselves or in connection with the other matters averred in the 9th replication, show a waiver of forfeiture as a legal result. At most they are only circumstances which under proper pleading might be evidence upon the question of an intention to waive.

The special rejoinder averred facts showing a lack of authority in McCargo sufficient to meet each of the several replications to which it was interposed, and was not subject to the demurrer. It was unnecessary, however, to rejoin those facts specially to the 2, 3; 4 and 5 replications, since the general rejoinder to them would have put such authority in issue, and if replications 7 and 9 had sufficiently averred McCargo's authority in the premises the special rejoinder would likewise have been unnecessary as to them.

For the errors indicated, the judgment must be reversed and the cause will be remanded.