(128 So. 436)

## GREEN v. WESCHESTER FIRE INS. CO.
### 5 Div. 34.

Supreme Court of Alabama.

April 17, 1930.

Rehearing Denied June 5, 1930.

Frank M. de Graffenried, of Seale, for appellant.

Denson & Denson, of Opelika, for appellee.

SAYRE, J.

The action is upon a policy of fire insurance. By special.pleas 2, 3, 4, and 5 defendant insurance company set up the fact, lo state the pleas in summary fashion, that plaintiff insured was not at the time of his application for insurance and the issuance of the policy the sole owner of the property insured, thus avoiding the policy because the interest of the insured, in the property was not truly stated therein. The statement of the case reproduces plaintiff's special replication. We note for special attention the allegation that "C. L. Mullin and Company were the agents of the defendant and that they as such agents countersigned said policy of insurance and issued it or procured its issuance to plaintiff," and "with full knowledge of the true condition of plaintiff's possession, ownership, and title the said C. L. Mullin and Company issued to plaintiff the said policy of insurance sued upon, accepted the premium thereupon and delivered the same to plaintiff." The court sustained defendant's demurrer to this replication, and that ruling presents what appears to be the controlling question on this appeal.

The inference to be drawn from the record and the briefs of the respective parties is that the replication in question was considered to be defective for that it failed to show the agent's authority to waive the stipulation as to plaintiff's title.

Bearing in mind the nature and purport of the act of the agent considered by the court in Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250, 252, viz., a waiver of "the iron safe clause" by reason that, after the' policy there in suit had been canceled for failure to comply with that stipulation, defendant's agent accepted the premium for one year with full knowledge of the facts, the court's statement that "it is not sufficient to allege the authority of the agent to do the primary act merely [that is, to issue the policy]; but either the waiver or estoppel must be charged directly upon the principal, or it must be alleged that the agent was authorized to bind the principal as to such waiver or estoppel"— bearing the noted facts in mind, the meaning and effect of the language employed by the court' will appear in clearer light. The same rule of responsibility is stated in Alabama State Mutual, etc. Co., v. Long, etc., Co., 123 Ala. 677, 26 So. 655, where it was held that

there is a material difference between the power of an agent in respect of waiving provisions against other insurance existing within his knowledge at the time of his issuance of a policy and waiving insurance subsequently purchased on the same property. It was there ruled in effect that in the first stated case, i. e., the issue of a policy in the first place, that is, the primary act, was governed by a rule different from that obtaining in respect of an alleged waiver by an act done or permitted after policy issued and purporting to affect the liability thereby evidenced. In the first stated case it is enough to allege agency in general terms, in the second there must be an allegation of the agent's authority to do the act pleaded as a waiver. In Yorkshire Ins. Co. v. Gazis, 215 Ala. 564, 112 So. 154, 155, the waiver pleaded was this, in effect: That defendant's agent, who had written the policy, had agreed that insured might take out additional insurance thus causing a total amount of insurance on the property insured in excess of the amount permitted by the face of the policy. It was held to be "manifest that the alleged agreement set up in the replications was prior to, or contemporaneous with, the issue of the policy sued on, and no facts are averred to show the authority of such soliciting agent to waive or modify the contract provisions of the policy declared upon and contrary to its express terms"—this on the theory that it was not sufficient to allege the agency to do the primary act merely, that is, to issue the policy in the first place—that it was necessary to allege that the agent had special authority to waive a term of the policy. But on a second appeal in the same case (Yorkshire, etc., Co. v. Gazis, 219 Ala. 96, 121 So. 84, 85) it was said, and very justly and in agreement with the authorities there cited, that "an agent who is authorized to solicit and receive applications for fire insurance, and, at his discretion, to countersign and issue policies of insurance intrusted to him by the company for that purpose, must be regarded quoad hoc as the general agent of the company." The statute authorizing foreign insurance companies to do fire insurance business only through agents duly commissioned to write insurance in Alabama (Code, §§ 8353, 8379) was referred to, and it was said that "Getting business on the faith of such agreement, then writing a policy forbidding the thing agreed upon, would work a like fraud," and that "the doctrine that all prior negotiations are merged in the written agreement gives way in this class of cases to the doctrine of waiver, or estoppel as more consonant with reason and justice." Recurring to the allegations of the replication, heretofore stated, as to the agency of C. L. Mullin & Co. in the premises, and as to what such agents did in and about the issue of the policy here in suit, the court is of opinion that

notice to such agents of the state of the title to the property insured was notice to defendant and that if it, acting through its authorized agent, issued the policy in suit, it was bound to answer as its agents agreed it would answer, the stipulation on the written face of the policy as to the state of the title to the contrary notwithstanding.

The demurrer to the replication should have been overruled.

Reversed and remanded.

THOMAS, BROWN, and FOSTER, JJ., concur.