## GUNN v. PALATINE INS. CO., LIMITED, OF LONDON, ENGLAND, et al.

### 8 Div. 394.

Supreme Court of Alabama.

June 1, 1933.

Rehearing Denied Sept. 28, 1933.

Lynne & Lynne, of Decatur, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, and Eyster & Eyster, of Decatur, for appellees.

BOULDIN, Justice.

This is the third appeal in this cause. For former decisions, see Gunn v. Palatine Insurance Co., 217 Ala. 89, 114 So. 690; Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180.

The question of sole and unconditional ownership of the insured property, and the ownership of the land in fee simple, fully considered on former appeals, is again argued.

Like former records, it is without dispute that the property was owned by Dr. Stubbs, a resident of New Orleans, at the time of his death in 1924.

He left a document purporting to devise this property to his wife, Elizabeth Stubbs; but, not being witnessed, it was void as a will, and was never probated. Mrs. Stubbs, having an unassigned dower right therein, and pending negotiations with the heirs at law to convey the property to her, took possession and took out insurance in her name.

At this stage the plaintiff, Gunn, in close touch with L. B. Wyatt & Son, her real estate agents in charge of the property, negotiated a purchase of the property; the agents assisting in the transaction and getting a commission on the sale.

The property was purchased for $1,500, of which $150 was paid to the agents; a warranty deed was drawn and signed, and put in the hands of the agents in escrow, to be delivered if and when the remaining purchase money was paid, and if and when the grantor acquired a complete title from the heirs. The purchaser took possession or control over the property.

L. B. Wyatt & Son were also insurance agents representing these defendants. Mr. Gunn wanted $3,000 of insurance on the building. The insurance theretofore held by Mrs. Stubbs was canceled, and these policies, $1,500 in each of two companies, were issued by said agents who collected the premium as for full amount, made the policies to Mr. Gunn, with loss payable clause to Mrs. Stubbs, as her interest should appear. No further sum was ever paid, the deed was never delivered, nor was any title perfected in Mrs. Stubbs until the property was destroyed by fire.

Without reviewing the argument and holding on both former decisions, we adhere to the view that no sole and unconditional ownership was in the insured, Gunn, nor in him and Mrs. Stubbs, a beneficiary named in the policies, within the meaning of such contracts.

With equal certainty neither or both owned the land in fee simple. Westchester Fire Ins. Co. of New York v. Green, 223 Ala. 121, 134 So. 881, 884.

 The question of waiver of the policy provisions in this regard by the agents issuing these policies is again argued. In this connection appellant strongly urges that the general rule which holds the principal bound only by knowledge of the agent acquired at the time, or in connection with the transaction to which the waiver relates, is inapplicable to the facts of this case.

That knowledge of the state of the title had been acquired before these policies were issued would be immaterial, if such knowledge is clearly shown to have been in mind at the time, and entered into the transaction as a factor in making the insurance contracts as they were made. Thus, if knowing the condition of the title, and proceeding to readjust the insurance, directing how it should be taken out because of such known state of the title, the case would not fall within the rule of wide application, that a principal to be constructively bound by notice or knowledge of an agent under the doctrine of respondeat superior, such notice or knowledge must be received by the agent as such; that is, while acting as agent in relation to the matter to which such notice or knowledge relates.

As noted in several of our recent decisions, fire insurance policies must, by statute, be written by agents with power to make contracts; agents whose contracts are those of the company. So, where it appears from the transaction itself that the agent is acting upon a present knowledge of the state of the title, it is immaterial when such knowledge came to him. If he issues policies and receives full premiums, conscious at the time that stipulations therein for the benefit of the insurer reduce it to a mere scrap of paper, his company is held, just as he would be held, to a waiver or estoppel as to such stipulations. Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 661, par. 7, 130 So. 180; Green v. Westchester Fire Ins. Co., 221 Ala. 344, 128 So. 436; Id., 223 Ala. 122, 134 So. 881; Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 124 So. 84; United States H. & A. Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; National Fire Ins. Co. of Hartford v. Tennessee Land Co., 224 Ala. 113, 139 So. 227; American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37.

We do not understand the decision on second appeal in this cause to be opposed to the above. Paragraph 7 of the opinion, concluding the discussion, recognizes such rule.

The evidence discloses knowledge of the state of the title by the insurance agent, which knowledge so entered into the transaction, causing the policies to be issued as they were issued on the agent's advice. This evidences a waiver or estoppel against setting up a forfeiture for want of sole and unconditional ownership, or want of a fee-simple title to the land.

 But this is subject to another principle going to the power of the agents to waive these stipulations in the instant case. This principle was recognized on second appeal, supra.

It is without dispute that these agents also represented Mrs. Stubbs as real estate agents looking after this property, in consummating the sale of it to Mr. Gunn, and in readjusting the insurance, which they had all along looked after for Dr. Stubbs and Mrs. Stubbs. Mr. Gunn was fully informed of these relations.

Mrs. Stubbs was by common agreement made a beneficiary in this policy. Appellant relies on Fire Insurance Companies v. Felrath, 77 Ala. 194, 54 Am. Rep. 58, to the effect that she was a mere appointee, and plaintiff the sole party insured.

The Felrath Case was expressly overruled in Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am. St. Rep. 152, and it is fully settled that the beneficiary under a loss payable clause is, under our statute, the party beneficially interested, and entitled to sue on a policy of fire insurance. Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 661, par. 8, 130 So. 180, and cases cited.

Where an insurance agent represents conflicting interests, that of the insured on the one hand, and the insurer on the other, he cannot waive contract stipulations for the protection of the insurer, thus favoring one client at the expense of the other. Girard Fire & Marine Ins. Co. v. Gunn, supra; Morris v. First National Bank of Samson, 162 Ala. 301, 50 So. 137; 2 Couch Ency. of Ins. Law, page 1577, § 525-D; 2. C. J. p. 712, § 367 et seq.

 As we view the case, plaintiff was not entitled to recover on any phase of the evidence. In such case, error, if any, in instructions touching an insurable interest, etc., furnishes no ground for reversal.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.