165 So. 211
## HOME INS. CO. v. JONES.
### 8 Div. 610.

Supreme Court of Alabama.
Dec. 12, 1935.

Rehearing Denied Jan. 30, 1936.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Henry D. Jones, of Florence, and Peach & Caddell, of Decatur, for appellee.

FOSTER, Justice.

This is an action on a fire insurance policy. Defendant pleaded in abatement that plaintiff had not complied with the policy requirements as to proofs of loss. To that plea plaintiff replied. In No. 2, to which demurrer was overruled, he alleged in substance that a few days after the fire a certain named agent of defendant had "authority to solicit and receive applications for fire insurance, to issue and countersign policies of fire insurance and to collect premiums thereon, all for the ·defendant, who countersigned the policy sued on, and while acting for defendant and within the line and scope of his authority informed plaintiff it was not necessary for plaintiff to make proof of loss under the policy, but that all it was necessary for plaintiff to do was to prepare and furnish a list of the furniture destroyed by said fire together with the value of each item of said furniture, and plaintiff a few days thereafter, and within less than sixty days after the date of said fire did furnish" the list.

That is the same sort of pleading in its legal aspects as that considered and held sufficient in Am. Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454. Both showed that the agent had more authority than that stated to exist in Penn. Fire Ins. Co. v. Malone, 217 Ala. 168, 115 So. 156, 56 A.L.R. 1075, and in Prine v. Am. Central Ins. Co., 171 Ala. 343, 54 So. 547, and other cases relied on by appellant. Whereas the ruling of the court in overruling demurrer to replication No. 2 is fully supported by the Millican Case, supra, and by Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84, and cases there cited. London & Lancashire Ins. Co. v. Mc-Williams, 215 Ala. 481, 110 So. 909.

Assignment No. 2 is not argued. Assignment No. 3 relates to replication No. 5 to the plea in abatement. It is predicated on the fact that the adjuster denied liability on the sole ground that the fire was purposely begun to enable plaintiff to collect the insurance.

Appellant argues that a denial of liability is not a waiver of proof when based on the

ground that the loss is not covered by the policy because it is a contention which, if true, shows that the loss is not within the coverage, invoking an application of a principle discussed in Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387, when the loss is occasioned by the willful or fraudulent act of the insured.

In the first place, the replication does not show that plaintiff participated in the act of causing the loss. But the effect of the replication is that defendant denied liability on the ground that the policy did not cover the loss, in that it did not cover a willful or fraudulent fire caused by insured or for his benefit. The denial is in substance that as to this loss there was no policy contract which imposed on plaintiff any duty whatever, since it created no liability on defendant regardless of what plaintiff might do in respect to furnishing proofs of loss. The contrary is not held in W. O. W. v. Maynor, 206 Ala. 176, 89 So. 750. There the complaint alleged the death of insured. Plea 2 alleged that he was not dead, which was of course included in the general issue. It was held that a replication alleging a denial of liability made by defendant because of the vocation of insured was not good matter waiving the requirement that insured be in fact dead. But by all the authorities, a denial of the existence of a valid contract covering the loss is a waiver of the requirement that proofs be furnished. The cases are cited in Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817; 26 Corpus Juris 406, et seq.; Continental Ins. Co. v. Parkes, 142 Ala. 650, 652(13), 39 So. 204.

Assignment No. 17.

We think the evidence copied in brief of appellant is sufficient in connection with the other circumstances in the case for the jury to find that the adjuster denied liability because the building was set on fire to enable plaintiff to collect the insurance.

In assignments 13 and 16 charges were refused defendant on the trial of the plea in abatement to the effect that if the list of goods furnished defendant's adjuster as having been burned was not a true and correct list, the verdict must be for defendant on that plea, because some of the replications to the plea in abatement state that he did furnish defendant a list of the furniture destroyed.

But we do not think that the list is bound to be correct at the risk of a loss of plaintiff's rights on that account unless it was fraudulently or willfully falsified, which should be specially pleaded. Often policies provide that fraud or false swearing by insured relating to the loss or in the proofs will forfeit any right. 26 Corpus Juris 382. But that is made so by the contract, and to have that effect should be specially pleaded, so that issue may be taken on it. Therefore, if plaintiff did furnish a list of what he then thought or claimed was burned, its accuracy is not essential to sustain the allegation of the replications.

Assignments 14, 15, and 18.

These assignments all relate to the general charge on the plea in abatement. On the issues made in replications 2, 4, and 5, if there was enough proof for at least one of them to be submitted to the jury, the general charge for defendant was properly refused.

We have shown that some of them, whether all or not are immaterial, were properly given to the decision of the jury.

Assignment No. 21 is obviously without merit, and we think it needs no discussion.

Assignment No. 24.

When, as here, the waiver, if any, was made before the time required by the policy to furnish proofs had expired, and when there was ample time to do so, it is immaterial whether defendant's agent had knowledge of the failure up to that time to file them or not. It is not then in the nature of condoning a past omission, but of excusing the performance of an act regardless of what then had been done. The insured was not then in default, but by the conduct of defendant's agent plaintiff was excused from performing the requirement, which may or may not have been attempted.

The allegations of replication No. 2 are by way of the recital of a conversation with defendant's agent, and to the extent that it alleged that plaintiff informed defendant's agent that he had not made the proof is an immaterial inducement, or incidental recital leading up to the main averment, that he informed plaintiff that it would not be necessary to make the proof. Such matters of inducement, since they are not of the essence of the action nor of its description, need not be proven exactly as alleged. 49 Corpus Juris 139, § 143, p. 144, § 154; Birmingham News Co. v. Little, 226 Ala. 642, 148 So. 398.

Assignments 45 and 46.

The court is here in his general charge stating principles of law in general

terms not seriously claimed to be erroneous, but that they are not within the issues. The jury are not thereby instructed in respect to their finding in connection with those statements. Whereas the court does in other clauses charge them the true nature of the law and issues made by the several replications. We think no reversible error here intervened.

Assignment No. 19.

█ This negatives the right of plaintiff to recover on replication No. 2 to the plea in abatement. The argument is that the evidence shows that the agent there named did not have authority to adjust the loss. But the question there was not an adjustment of the loss, but the authority of the agent to waive giving the proofs of loss. It was shown that this agent did possess the authority set out in replication No. 2, and the cases we have cited settle his power to waive the requirement of proofs as there alleged.

Assignment No. 20.

We have heretofore discussed the argument made on this assignment, which relates to the incorrectness of the list furnished, and we do not care to add to the discussion.

Assignments 32, 33, and 47.

These are also assignments argued in connection with the trial had on the plea in abatement. We think there was no reversible error shown in respect to those assignments.

There does not seem to exist reversible error in connection with the trial of the issue raised by that plea.

The cause then came on for separate trial, and was so tried on the issues made in bar. On the questions raised in that respect, the assignments first argued are numbered 50 and 51, and involve the sufficiency of replications 2 and 3 to defendant's plea No. 2. That plea sets up the policy provision requiring the insured to be the unconditional and sole owner, and alleged that he was not such owner.

█ The assignments are argued together, and the same points are made to their sufficiency on the demurrer to them. The first contention is that they are in substance available on the general issue, since they assert that his interest was unconditional and sole ownership, except for a mortgage which was known to defendant at the time the policy was written. The argu-

ment is that the replications do not show that insured was not the unconditional and sole owner for that a mortgage is not in contravention of such ownership. We have so asserted. Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881. The replications, therefore, do not allege matter not available under the general issue. But that does not make them demurrable, for a pleader may assume, if he wishes, an unnecessary burden, and put the general issue in the form of a special plea. Sov. Camp, W. O. W., v. Harris, 228 Ala. 417(5), 153 So. 870.

It is also urged that the replications set up matter in violation of section 8371, Code, requiring all features of an insurance contract, when a policy is issued, to be plainly expressed in the policy. We have given full force and effect to this statute in so far as any agreement is concerned, which is not a waiver or estoppel in respect to a matter which would render the policy null and void according to its conditions. City Mortgage & Discount Co. v. Palatine Ins. Co., 226 Ala. 179, 145 So. 490.

But when the evidence shows that defendant had knowledge of an existing condition which rendered the policy null and void when issued, and with such knowledge issued the policy, and let it remain in apparent effect, and collected and retained the premium, there is a waiver of the requirement in the nature of an estoppel against the assertion of the invalidity of the policy. Gunn v. Palatine Ins. Co., 227 Ala. 245, 149 So. 672; Green v. Westchester Fire Ins. Co., 221 Ala. 344, 128 So. 436; Nat. Fire Ins. Co. v. Tenn. Land Co., 224 Ala. 113, 139 So. 227.

The case of Globe & Rutgers Fire Ins. Co. v. Pappas, 219 Ala. 332(11), 122 So. 346, does not conflict. That was dealing with the matter of keeping books. Knowledge as to how they had been kept did not waive a stipulation of how they should thereafter be kept. The policy was avoided, not by a condition existing when it was issued and known to the insurer, but by one which thereafter occurred. The estoppel consists in a reliance on the validity of the contract produced by the issuance and maintenance of the policy by defendant and thereby causing insured to be lulled into the belief that his contract was valid. Hartford Fire-Ins. Co. v. Aaron, 226 Ala. 430, 147 So. 628(7); Ala. State Mut. Assur. Ins. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 676, 26 So. 655.

In respect to either contention made by appellant, we think there was no error in overruling the demurrer to replications 2 and 3 to plea 2.

Assignments numbered 52, 53, 54, 55, and 56.

■ They relate to the sufficiency on demurrer of replications 4, 5, and 6 to pleas 6 and 7. Those pleas allege a breach of the condition against incumbrances, in that there was then existing a chattel mortgage on the property covered. Replications 4 and 5 allege that defendant had knowledge of the existence of the mortgage at the time, and with such information issued the policy. Replication No. 6 alleges that defendant's agent, who prepared and countersigned, and had authority to solicit and receive applications and countersign and issue policies, while in the act of preparing and issuing to plaintiff the policy sued on, and acting in the line and scope of his employment, was informed of the existence of the mortgage and with such information prepared and countersigned and delivered the policy to plaintiff.

We have expressed our views on the contention again here made that the matter asserted is not ineffective on account of section 8371, Code. We do not think that our cases are conflicting on this subject, nor contrary to that section of the Code.

Assignment numbered 48.

■ This relates to the sufficiency on demurrer of plea No. 8. It alleges that the policy provides that insurer shall not be liable for loss caused directly or indirectly by the neglect of insured to use all reasonable means to save and preserve the property at and after the fire or when endangered by fire, and that the fire began in an adjoining store, and after plaintiff's property was thereby endangered, he neglected to use all reasonable means to save and preserve the property.

We think the plea is subject to the demurrer assigned, in that it does not allege that negligence of insured was a proximate contributing cause of the loss, or that it would not have been sustained or would have been minimized by the use of the required diligence. It is also subject to the demurrer in that it does not apprise the plaintiff of what it is claimed he should have done, and which he negligently failed to do to save and preserve the property. Tarrant Land Co. v. Palmetto Fire Ins. Co., 220 Ala. 428, 125 So. 807 (10 and 11).

Assignment No. 49.

■ Plea No. 9, to which reference is here made, does not allege that the policy provides that no recovery may be had on account of the failure of plaintiff to do the acts there mentioned, nor in what respect such failure shall affect defendant's liability. Neither does it allege to what extent insured failed to do the acts there enumerated, or that such failure in anywise created an unfavorable condition or loss which their observance would have prevented.

Assignments of error Nos. 57 to 71, inclusive.

■ These relate to the sufficiency of defendant's rejoinders to which the court sustained demurrer. They set up the policy clause prohibiting an officer or agent from waiving any provision or condition of the policy.

Again it is insisted that the implied waiver or estoppel set forth in the replications violate this clause as well as section 8371, Code. But the authority of a general agent in respect to such waiver or estoppel is not defeated by a clause of that sort in the policy. London-Lancashire Ins. Co. v. McWilliams, supra; Continental Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876; Hartford Fire Ins. Co. v. Aaron, 226 Ala. 430, 147 So. 628; Provident Life & Accident Ins. Co. v. Hudgens, 229 Ala. 552, 158 So. 757.

Assignments Nos. 74, 93, 98, 142, and 143.

■ Since there was no evidence from which the jury could reasonably infer that plaintiff procured the property to be burned, there was no reversible error in refusing to submit that issue to the jury as the charge referred to would require. This treatment of those assignments reflects the views of the writer in which KNIGHT, J., concurs. But a majority of the court, consisting of GARDNER, THOMAS, BOULDIN, and BROWN, JJ., are of the opinion that the circumstances shown by the evidence are sufficient to submit the issue to the jury. A discussion of the evidence would not be appropriate.

Assignments Nos. 75, 83, 85, 94, 95, 96, and 97.

The principle asserted in these charges was fully covered in the court's oral charge.

Assignments Nos. 72 and 73.

The affirmative charge was not erroneously refused because of the matters which we have here discussed.

Assignments Nos. 90 and 91.

The principle of these charges is covered by the oral charge of the court.

We do not think it would serve any useful purpose to discuss the assignments which we have not mentioned, but have been given careful consideration.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur.

FOSTER and KNIGHT, JJ., dissent.

ANDERSON, C. J., not sitting.