166 So. 24

**NATIONAL UNION FIRE INS. CO. v. MORGAN.**

**6 Div. 816.**

Supreme Court of Alabama.

Jan. 23, 1936.

Rehearing Denied March 5, 1936.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

W. Emmett Perry and Caesar B. Powell, both of Birmingham, for appellee.

644

KNIGHT, Justice.

Suit upon a fire insurance policy issued by the appellant to the appellee.

The first, or original, policy was issued by the defendant in January, 1932, and covered a term of one year. The policy sued upon was a renewal of the first, or original, policy, and covered the term commencing on January 11, 1933, and ending on January 11, 1934. The property insured was the residence occupied by the plaintiff and her children, seven in number and all minors, and it was destroyed by fire on September 13, 1933.

In addition to the general issue, the defendant filed four special pleas, each of which brought forward certain provisions of the policy contract, and based its defense upon the breach of the warranties set up in the pleas.

The second plea averred that at the time of the issuance of the policy the interest of the insured in the property "was other than that of unconditional or sole ownership"; the third, that at the time of the fire the interest of the insured in the property was other than that of unconditional and sole owner; the fourth, that the subject of insurance was a building on ground not owned by the insured in fee simple at the time of the issuance of the policy; and the fifth, that the subject of the insurance was a building on ground not owned by the insured in fee simple at the time of the fire.

The policy contract, inter alia, provided that the policy, unless otherwise provided by agreement indorsed thereon or added thereto, "shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

To these special pleas the plaintiff, in addition to a general traverse, filed five replications.

Replication 1 set up an estoppel against the defendant to set up or to assert the defense brought forward in its four special pleas. This replication, in substance, averred that the insured property was owned and occupied by C. E. Morgan, plaintiff's husband, at the time of his death, January 28, 1931, as his homestead; that the decedent left surviving him the plaintiff, his widow, and seven minor children; that on June 9, 1931, this property, by a decree of the probate court of Jefferson county, was set aside as a homestead to the plaintiff and the minor children of the decedent; that Rogers & Co. were the agents of the defendant "and acting in the line and scope of their authority and employment as such agents of defendant, they countersigned said policy of insurance and issued it, or procured its issuance to plaintiff; that before or at the time of the issuance of said policy, the plaintiff, who purchased said insurance, fully advised a servant or agent of said Rogers and Company, which said servant or agent was then and there acting in the line and scope of his employment as such servant or agent of said Rogers and Company, as such agents of the defendant, and fully disclosed to him the character, nature, condition and true state of the possession, title and ownership of the said property covered by said policy of insurance, in this: she advised him that said C. E. Morgan owned said property at the time of his death; that the same was occupied by the plaintiff, said C. E. Morgan, and their seven minor children, at the time of the death of the said C. E. Morgan; and, with full knowledge of the true condition of plaintiff's possession, ownership, and title in and to the said property described in said insurance policy, or (as) aforesaid, the said Rogers and Company issued to the plaintiff the said policy of insurance sued upon, accepted the premium thereupon. * * * Wherefore, the plaintiff says the defendant is estopped to deny its liability on the grounds set up in said plea."

■ This replication shows that the plaintiff had an insurable interest in the property. American Equitable Assur. Co. v. Powderly C. & L. Co., 225 Ala. 208, 142 So. 37; Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222, 60 Am.Rep. 162; 26 Corpus Juris, 36; 1 Cooley's Briefs on Ins. p. 229.

■ It is a general doctrine in the law of agency, recognized and enforced in this state, "that notice to an agent while engaged in the business of the principal, acting within the scope of the agent's authority in re-

spect to a transaction depending, is imputed to the principal, and when the principal adopts the acts of the agent, he does so in the light of such imputed notice." Life & Casualty Ins. Co. of Tenn. v. Crow (Ala. Sup.) 164 So. 83, 85;[1] Girard Fire & Marine Ins. Co. et al. v. Gunn, 221 Ala. 654, 130 So. 180; Triple Link Mutual Indemnity Ass'n v. Williams, 121 Ala. 138, 26 So. 19, 77 Am.St.Rep. 34; National Life & Acc. Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427; Piedmont & Arlington Life Ins. Co. v. Young, 58 Ala. 476, 29 Am.Rep. 770; Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am.St.Rep. 51.

■ It is insisted, however, that this replication is defective in that, while the insured may have had an insurable interest at the time the policy was issued, nevertheless it is not made to appear from the replication that the defendant's agent knew what the exact nature of the insured's insurable interest in the property was.

It does show that plaintiff had an insurable interest in the property, that it was the homestead of her husband at the time of his death, and that by an order of the probate court of Jefferson county it had been set aside to the plaintiff and to her minor children as a homestead. With imputed knowledge of these facts, the defendant issued the policy. Under the averments of the replication, the defendant is estopped from asserting that the plaintiff was not the unconditional or sole owner of the property insured or that the building was on ground not owned in fee simple by plaintiff at the time of the issuance of the policy. Green v. Westchester Fire Ins. Co., 221 Ala. 344, 128 So. 436.

The defendant, under the averments of the replication, having received from the plaintiff, the holder of the policy, the benefits and advantages which it was entitled to receive under it as a valid subsisting policy, up to the time the property was destroyed by fire, with imputed knowledge all the while of the nature of plaintiff's interest in the property, it would be a perversion of justice to allow it now to deny the validity of the contract.

The replication presents facts which, if true, estop the defendant from making the defense set up in its special pleas. American Ins. Co. v. Newberry et al., 215 Ala. 587, 112 So. 195; 26 Corpus Juris sec. 22, p. 36; Light v. Countrymen's Mut. Fire Ins. Co., 169 Pa. 310, 316, 32 A. 439, 47 Am. St.Rep. 904, 907.

■ It is next insisted by appellant that the court erred in overruling its demurrers to replications 2 and 3.

These replications make the same averments with reference to the plaintiff's interest in the property as are made in replication 1, and in addition aver: "That after the property insured was destroyed by fire on September 13, 1933, one E. M. Cole, who was an agent of the defendant then and there acting in the line and scope of his authority as such agent with full knowledge of the character and true state of the possession, title and ownership of the said Mrs. C. E. Morgan and said minor children in and to said property of the defendant requested the plaintiff to procure statements from the persons who built the said house so destroyed, showing the cost of construction thereof and the value thereof and the plaintiff, acting upon said request, did at great expense to herself procure such statements as requested by the said agent of the defendant, and delivered the same to the said agent, E. M. Cole, mailing the same to him on September 27, 1933, and thereby, then and there the said agent, Cole, treated said policy as being in full force and effect."

In replication 2 the above facts are pleaded by way of estoppel, while in replication 3 they are pleaded as setting up a waiver.

Whether treated by way of estoppel or of waiver, we think they were sufficient and not subject to any ground of defendant's demurrer.

The case of Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250, 253, dealt with a replication entirely different, in the aspect now under consideration, from replications 2 and 3. Replication H in that case was held sufficient, and not insufficient, as supposed by counsel for appellant. It was replication J that was held insufficient. That replication averred "that before the commencement of this suit, the duly authorized agents of the defendant with knowledge or notice of said fire, and plaintiff's loss thereby, denied to plaintiff any and all liability under said policy." The court held the replication insufficient because it did not "sufficiently show that they (the agents) were authorized to thus act for and bind the company; since they may. have been duly authorized agents, with authority to do other things, but not the thing in question."

---

[1] Ante, p. 144.

646

Here, replications 2 and 3 aver that Cole "who was an agent of the defendant then and there acting in the line of his authority as such agent with full knowledge," etc. The averment is quite different from the averment as to the authority of the agent as charged in replication J in the Hanover Fire Ins. Co. Case, supra.

Of course, we recognize the principle that it is not every agent of an insurance company, though authorized and held out as being authorized to transact business for it, can waive a forfeiture (Alabama State Mut. Assur. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655; Prine v. American Cent. Ins. Co., 171 Ala. 343, 54 So. 547), but, when it is averred that the waiver was made by an agent of the company then and there acting in the line and scope of his authority as such agent, with full knowledge, we fail to comprehend just why this averment does not show that the agent had authority to do the act he did do and bind his principal thereby.

The facts averred fully support the pleader's deduction, that by doing the acts charged to Cole, he (Cole) treated said policy as being in full force, thereby waiving the defense set up in said pleas.

While there is some confusion in the language of our cases with respect to what conduct on the part of an adjuster, who has full knowledge thereof, will or may operate as a waiver of breaches of the policy, yet all of them agree, or at least seem to agree, that treating the policy as valid, or as being still in force, will have that effect. Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674; Queen Ins. Co. v. Young, 86 Ala. 424, 430, 5 So. 116, 11 Am.St.Rep. 51; Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399; Id., 128 Ala. 451, 30 So. 537.

▌The court committed no error in overruling defendant's motion to strike plaintiff's replications 4 and 5. Motions to strike pleadings should be granted where the pleadings are unnecessarily prolix, irrelevant, frivolous, or unnecessarily repeated. Code, § 9458. The sufficiency of a pleading should be tested by demurrer. Dalton v. Bunn & Allison, 137 Ala. 175, 34 So. 841.

▌The demurrer filed to these replications, 4 and 5, takes the point, among others, that these replications undertake to set up both a waiver and an estoppel, and are bad for duplicity.

This court at an early date held that the fact that a plea sets up two or more defenses does not render such pleading subject to demurrer on that ground. And this same rule applies to replications. Bolling v. McKenzie, 89 Ala. 470, 7 So. 658; Corpening v. Worthington, 99 Ala. 541, 544, 12 So. 426; Moore v. Heineke, 119 Ala. 627, 24 So. 374; Jefferson Dairy Co. v. Thomas, 214 Ala. 305, 107 So. 449; National Life & Accident Ins. Co. v. Bridgeforth, 220 Ala. 314, 124 So. 886.

We are aware of the fact that this court in the case of Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567, in an opinion by Mayfield, J., held that a plea was subject to demurrer for duplicity which combined two defenses in the same plea, but no authority was cited in support of such a ruling, and this court in the more recent cases cited above departed from the ruling in the Berlin Machine Works Case and redeclared the rule as pronounced in the earlier cases.

We hold replications 4 and 5 to be sufficient and not subject to any of defendant's grounds of demurrer. Authorities cited above and in support of the sufficiency of replication 1.

▌After the court had overruled its demurrers to replications 1, 2, 3, 4, and 5, the defendant filed a general rejoinder and seventeen separate rejoinders, separately and severally addressed to each of plaintiff's special replications. To all of the special rejoinders, except 18 and 19, the court sustained a demurrer.

The defendant's rejoinders 5, 6, 10, and 11, as addressed to plaintiff's replication 2, were sufficient; and likewise its rejoinders 5, 6, and 14 to replication 3 were not subject to plaintiff's demurrers. The court therefore committed error in sustaining the demurrers to these rejoinders, as addressed to the designated replications. Insurance Co. of North America v. Williams, 200 Ala. 681, 77 So. 159; Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am.St. Rep. 51; Home Ins. Co. v. Scharnagel, 227 Ala. 60, 148 So. 596; American Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454; Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674.

We are of the opinion, however, that, under rejoinders 18 and 19, the defendant had the full benefit of all matters of defense open to it under rejoinders 6 and 11, as addressed to replication 2, and under said rejoinders 18 and 19 the defendant had

the full benefit of all matters of defense open to it under rejoinders 6 and 14, as addressed to replication 3, but not so as to rejoinder 5.

■ Defendant's rejoinders 7, 12, and 15 were subject to plaintiff's demurrers. The purpose and true intent of the nonwaiver agreement, made a part of each of said rejoinders, was to preserve the status quo of the contract and the rights of each of said parties thereunder existing at the time of the execution of the nonwaiver agreement. While parties may, as pointed out in the Tedder Case, supra, by joint written agreement waive a previous waiver, yet it must reasonably appear from the instrument that such was the intention of the parties. It does not appear from the nonwaiver agreement in this case that it was the intention of the parties that it should have that effect. It rather preserved the status quo and the rights of the parties up to the time of the execution of the agreement and provided against any waiver thereafter.

The rejoinders as answers to replications 4 and 5 were insufficient, and the court properly sustained demurrers to said rejoinders 7, 12, and 15, so sought to be interposed to said replications.

Defendant's rejoinder 4 filed to replications 1, 4, and 5 (treating the word "replication" on second line as intended for the word "rejoinder") attempts to set up an estoppel against an estoppel, but in fact is only a reaffirmation or restatement of the defense set up in its special pleas, and is therefore no answer to said replications 1, 4, and 5.

■ Defendant's rejoinders 5, 6, 7, 8, and 16 do not meet the entire issue presented by plaintiff's replications 4. and 5, and therefore, treated as answers to said replications, these rejoinders were insufficient and subject to plaintiff's demurrer.

Rejoinders 8 and 16 were bad and manifestly subject to plaintiff's demurrer. The replications which these rejoinders attempted to answer show that defendant, with knowledge of all the facts, issued its draft in full settlement of the loss and forwarded the same to its agent for delivery to the parties, and defendant's said agents so notified—all of which occurred after the execution of the nonwaiver agreement.

■ We think defendant's rejoinder 9 to replication 1 was good as against any grounds of plaintiff's demurrer addressed thereto, and the court committed error in sustaining the demurrer thereto. Gunn v. Palatine Ins. Co., 227 Ala. 245, 149 So. 672; Morris v. First National Bank of Samson, 162 Ala. 301, 50 So. 137; 2 Couch Ency. of Ins. Law, p. 1577, § 525–d; 2 Corpus Juris, p. 712, § 367. The error was without injury, however, as the evidence without conflict shows that no agent of the bank issued the policy, nor did the acts, out of which the estoppel relied on in said replication, was created.

■ This rejoinder, however, did not meet the entire issue presented by replications 4 and 5, and was, as to them, insufficient.

■ The court committed no error in refusing to give the jury charge lettered B, requested by the defendant. If for no other reason, this charge was refused without error for its misleading tendency.

■ There was no error in refusing charges 11, 12, 5, 4, 3, R, requested by defendant.

If the defendant, insurer, was truly informed by the plaintiff of the nature of her title and interest in the property, and, with that knowledge, entered into the contract of insurance as for an absolute title, receiving full premium for the entire value of the property, it cannot deny liability nor even reduce the recovery on account of the fact that the insured had only a partial interest. Both sound reason and authority require that the loss shall be compensated, as if the insured had been the absolute owner of the property in fee. Charges 11, 12, 5, 4, 3, and R ignored this principle of law. Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881–884; American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37; Western Assur. Co. v. Stoddard, 88 Ala. 606, 7 So. 379, 380; 26 Corpus Juris, 358, § 459.

Counsel for appellant challenges the soundness of our holding in the above-noted cases, and invites a reconsideration of the same. Suffice it to say that we have read and considered all that appellant has to say in support of its argument for a reconsideration of the holdings in the above cases on this point, but we find ourselves still satisfied with our conclusion heretofore expressed on the question here presented.

■ Of course, appellant was not entitled to have the jury instructed in the terms of its refused charge F.

While Mr. Gravelee had nothing to do with the issuance of the policy sued on, yet this policy, under the evidence, was but a renewal of the former policy, and the latter policy was written and issued by the same general agents which issued the first policy, and the knowledge of these agents once established in them, and imputed to the principal, as to the status of the plaintiff's title, any subsequent dealing with the plaintiff which involved that title, is presumed to be with reference to the title as it first existed, in the absence of any subsequent representation as to the status of that title.

"The rights of the parties on renewal of existing insurance are to be determined by the terms and conditions of the original policy, which are continued in force, except as altered in the contract of renewal; and it will be presumed that an agreement to renew contemplated a renewal on such original terms." 26 Corpus Juris, 109, p. 110.

In the absence of an agreement to the contrary, the terms of the contract of insurance are neither enlarged, restricted, or changed by the renewal, but the rights of both parties, no matter how often a policy of insurance may have been renewed, are still controlled by the provisions of the policy as originally issued. Aetna Ins. Co. v. Short, 124 Ark. 505, 187 S.W. 657; Witherell v. Maine Ins. Co., 49 Me. 200; Aurora Fire & Marine Ins. Co. v. Kranich, 36 Mich. 289; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164, 5 Am.Rep. 115. This being the law, it cannot be doubted that, in issuing the policy sued upon, whatever representations or statements made by the insured, when the policy was first issued, were to be considered as being still operative and binding both upon the insured and the insurer, and not alone upon the insured. James McKibban v. Des Moines Ins. Co., 114 Iowa, 41, 86 N.W. 38. It would be strange indeed to hold that the statements or representations would be binding against the insured to avoid the policy, but not binding upon the insurer to show a waiver or estoppel.

▮ Charges 10 and E were refused to defendant without error. Mr. Rogers was president of Rogers & Co., the agents who issued the policy, and there was, in addition to this fact, evidence tending to show that, before the policy was issued, the plaintiff discussed with Mr. Rogers the property and how she acquired the same.

▮ Charge 9, requested in writing by the defendant, was properly refused. There was some evidence in the case tending to show that some time previous to the day on which the nonwaiver agreement was executed Cole, the adjuster, had waived the forfeiture insisted upon. It is true that the parties may by joint agreement waive a previous waiver, but, to have this effect, the nonwaiver agreement must show, upon a reasonable and fair construction, that such was the intention of the parties. In the Tedder Case, supra, while recognizing that there may be a waiver of a waiver, by a joint agreement of the parties, yet the facts in that case, where the doctrine was stated, show the whole transaction, the alleged waiver and the execution of the nonwaiver agreement, occurred during the same continuous transaction. Here there was evidence tending to show the waiver was made a day or two before the execution of the nonwaiver agreement. The evident purpose of the nonwaiver agreement was to preserve the status then existing and to provide against anything that might have the effect of a waiver thereafter or then occurring; the language in part of the nonwaiver agreement being: "* * * that any action taken, request made, or any information now or hereafter received, by said party of the second part, in or while investigating and ascertaining the cause of the fire * * * shall not in any respect or particular change, waive, or invalidate or forfeit any of the terms, conditions or requirements of the policies of insurance of the party of the second part held by the party of the first part or any of the rights whatsoever of any party hereto. The intent of this agreement is to save and preserve all the rights of the parties, and permit an investigation. * * *"

The defendant was not under the evidence entitled to the affirmative charge, and therefore the court committed no error in refusing charges 1 and 2, which were general charges to find for defendant with hypothesis. Likewise charge A6 was refused without error.

▮ The court committed no reversible error in not excluding that part of the testimony of Mrs. Morgan which is made the basis of defendant's eighty-fifth assignment of error. No objection was interposed to the question, and defendant will not be allowed to speculate upon the answer of the witness.

Whether the question to Mrs. Morgan, made the basis of the defendant's eighty-sixth assignment of error, was so framed as to call for a statement or transaction with persons in the office of Rogers & Co. who were not authorized to bind the defendant, we are not required to determine, as the answer of the witness shows that her conversation was in fact with Mr. Gravelee, the agent who in fact wrote the insurance, and this conversation, so far as disclosed by the record, referred only to the fact that plaintiff had only a small amount of money, and that she would have to pay the premium by small monthly payments.

We do not see that this statement was prejudicial to defendant, even if it could be said to be incompetent testimony.

The defendant was not entitled to the general affirmative charge, requested by it, as to replications 1, 4, and 5. There was evidence tending to support each of said replications.

We have carefully examined and considered each other error assigned by the defendant to the action of the court, in admitting and excluding evidence, and are not impressed that any of such rulings involved reversible error.

In view of the fact that the case must be reversed for the errors above mentioned, it becomes unnecessary to pass upon the defendant's motion for a new trial.

For the errors heretofore pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

