MECHANICS' & TRADERS' INSURANCE COMPANY *v.* MURRAY F. SMITH.

FIRE INSURANCE.   *Receipt of premium after loss.   Waiver.   Tender back.*
   The acceptance and retention by a fire insurance company, after a loss, of a premium due on the policy, operate as a waiver of all defenses predicated of facts fully known to it at the time of the acceptance and the tender back of the premium so received after the beginning of the trial of an action on the policy is too late.

FROM the circuit court of Warren county.
HON. PATRICK HENRY, Judge.

Smith,. the appellee, was the plaintiff and the insurance company, appellant, was defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court.   The facts were these:

On March 24, 1898, the Mechanics' & Traders' Insurance Company, the appellant here, issued and delivered to one Pitts a fire insurance policy, by which it insured against loss by fire, to the amount of $500, certain personal property, consisting of a soda fountain and appurtenances. Part of this property (the soda fountain) was purchased by Pitts from Lippencott & Co. Pitts paid part of the purchase price of the property, and gave a deed of trust on the soda fountain to secure the payment of

$1,426.80, the balance due by him to Lippencott & Co. This deed of trust was executed on the 26th day of March, 1898, and recorded. On the 4th day of April, 1898, the property insured was destroyed by fire. A few days after the fire, J. R. Alexander, the special agent and adjuster of the insurance company, furnished Pitts with blank proofs of loss, to be filled out and executed. This proof of loss was filled out by Pitts, but, on account of its being incomplete, was refused by the company. About a week after the fire occurred the premium on this policy, amounting to $17, was paid to Russell, the local agent of the insurance company, and retained by the company. On April 9, 1898, Pitts assigned the policy of insurance to Murray F. Smith, subject to the consent of the insurance company. Failing to arrive at a settlement of the matter, suit was instituted by Smith against the insurance company for the amount of the policy. One of the conditions of the policy, among others, is as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon and added hereto, shall be void . . . if the interest of the insurer be other than unconditional and sole ownership, . . . or if the subject of insurance be personal property, and be or become incumbered by chattel mortgage." After pleading the general issue, the defendant filed a number of special pleas to the declaration, setting up, among other grounds, the existence of the chattel mortgage on the property insured, without written consent thereto being indorsed on the policy, contrary to the conditions thereof; the want of unconditional and sole ownership of Pitts to the property insured, without written consent and agreement of defendant thereto indorsed on the policy, contrary to the conditions thereof; that Pitts, in making his proofs of loss, failed to state the existence of the incumbrance on the property insured, contrary to the conditions of the policy. To these several pleas plaintiff filed replications, setting up in each and all of them that defendant expressly waived the several conditions of the policy in said

pleas specially pleaded. To these replications of plaintiff, defendant demurred. The demurrer was overruled, and the case went to trial on the issue made by the pleadings. During the progress of the trial, and after the conclusion of the testimony of the first witness for defendant, defendant asked leave to file a special rejoinder to the several replications, in which it set out the fact that one of the waivers relied on by the plaintiff was the collection and retention of the premium on the policy sued on after the fire; that defendant had no knowledge of this defense by plaintiff until the evidence was introduced; and offering and tendering the amount of the premium back to plaintiff. The court below refused to allow defendant's rejoinder to be filed. The trial resulted in verdict and judgment in favor of plaintiff for the full amount demanded in the declaration.

*Anderson & McLaurin,* for appellant.

*Miller, Smith & Hirsh,* for appellee.

CALHOON, J., delivered the opinion of the court.

A week after the fire, with full knowledge by the insurance company, through its special agent and adjuster, Mr. Alexander, of the existence of the mortgage, it received, through its local agent, Mr. Russell, the premium on the policy, and held it. This fact carries the whole case shown by the record for the assignee of the insured, because it was a waiver of its defenses. See the concluding paragraph of the opinion in *Assurance Co.* v. *Phelps,* 77 Miss., 660 (27 So., 745). And see *Mitchell* v. *Insurance Co.,* 72 Miss., 53 (18 So., 86); *Insurance Co.* v. *Freeman,* 19 Tex. Civ. App., 632 (47 S. W., 1025); *American Fire Ins. Co.* v. *First Nat. Bank of Vicksburg,* 73 Miss., 470 (18 So., 931). Tender of this premium back after trial commenced is too late.

We are ready to decide the other questions presented, but it is unnecessary to do so.

*Affirmed.*