76 So.2d 783

**BRADFORD FUNERAL SERVICE, Inc.**

v.

**Bettie BURKS.**

6 Div. 987.

Court of Appeals of Alabama.

Dec. 28, 1954.

112

McEniry, McEniry & McEniry, Bessemer, for appellant.

Edw. L. Ball, Bessemer, for appellee.

HARWOOD, Judge.

Suit below was for the aggregate amount of weekly premiums paid by the plaintiff to the defendant on a burial insurance policy. The plaintiff had paid the premiums from June 1941 until March 1951, when, as alleged in count 1 of the complaint, "the plaintiff discovered * * * she was uninsurable," and thereafter made demand for the return of the premiums, which demand was refused by the defendant.

The cause was submitted to the court without the intervention of a jury, and upon an agreed statement of facts.

The material portions of this agreed statement of facts were to the effect that on 2 June 1941 the plaintiff was issued a membership certificate, or burial insurance policy by the defendant company. One of the conditions of the membership certificate was the exclusion from membership under the contract of any person over the age of fifty years. The plaintiff was 52 years old at the time the membership certificate was issued to her, which fact was set out in the face of the certificate; the plaintiff paid all premiums due from the date of the issuance of the certificate on 2 June 1941, until 26 March 1951; that plaintiff has made demand for the return of the premiums so paid, which demand the defendant has refused; the defendant has never denied liability under the terms of the certificate as long as the premiums were paid.

The lower court entered judgment for the plaintiff, and defendant's motion for a new trial being overruled, an appeal was perfected to this court.

■■ The facts disclosed place this case definitely within the doctrine of Washington Nat. Ins. Co. v. Scott, 231 Ala. 131, 164 So. 303, 304, which was an action by the insured under an accident and health policy to recover premiums paid thereon after insured had passed the age limit named in the policy. In reversing a judgment in favor of the insured the court wrote:

"Probably there is no principle of insurance law more firmly settled, nor better grounded in justice and reason, than that an insurer, who receives and retains premiums, the very consideration for carrying the insurance risk, with knowledge of facts which, under stipulations for his benefit, would, in the absence of such knowledge, empower him to treat the policy as having never been in force, or as being no longer in force, will be held to have waived such stipulations. Waiver, strictly speaking, is a matter of intent. But, in such case, no proof of actual intent is required. Any other intent, in such case, would work a positive wrong or fraud on the insured. The law charges the insurer with the intent to waive under the doctrine of estoppel.

"In the absence of statute, or charter provisions, rendering unlawful insurance risks beyond a prescribed age limit, this doctrine of waiver or estoppel applies to age-limit stipulations in policies."

The court then concluded that the facts disclosing that the policy being continued in force by mutual intent for the period during which the premiums were paid, such premiums could not be recovered.

The lower court therefore erred in its application of the law to the facts, and in rendering judgment for the plaintiff (appellee here), and appellant's assignments of error to this effect are meritorious.

Reversed and remanded.