120 So.2d 887

GENERAL INSURANCE COMPANY OF AMERICA

v.

M. S. KILLEN et al. d/b/a Sharp & Killen Department Store.

8 Div. 996.

Supreme Court of Alabama.

May 26, 1960.

Ford, Caldwell, Ford & Payne and Griffin & Griffin, Huntsville, for appellant.

E. B. Haltom, Jr., and Bradshaw & Barnett, Florence, for appellees.

STAKELY, Justice.

This case involves the effect under the evidence in this case of the "value reporting clause" in a policy of fire insurance.

General Insurance Company of America, a corporation (appellant), filed its bill for a declaratory judgment in the Circuit Court of Limestone County, in Equity, against M. S. Killen and Minnie Sharp Killen, doing business as Sharp and Killen Department Store (appellees). The allegations of the bill in substance show the following.

On January 31, 1956, the appellant issued a reporting form policy of fire insurance to the appellees. The policy provided coverage against loss by fire through January 31, 1957, at a declared location towit 206–208–210 West Market Street, Athens, Alabama, the aforesaid address being the store of the appellees, and at any other location acquired if included in the next succeeding monthly report of values as provided in the value reporting clause of the policy. The value reporting clause reads as follows:

> "Value Reporting Clause—It is a condition of this policy that the Insured shall report in writing to this Company not later than thirty (30) days after the last day of each calendar month, the exact location of all property covered hereunder, the total actual cash value of such property at each location and all specific insurance in force at each of such locations on the last day of each calendar month. At the time of any loss, if the Insured has failed to file with this Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values less the amount of specific insurance reported, if any, filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, this policy shall cover only at the respective locations specifically named herein and for not exceeding 75% of the applicable limit of liability of this Company specified in the Limit of Liability Clause."

The exclusion clause of the policy excludes coverage

> "At any location where the Insured had property as above described which was not declared to this Company unless included in the first report of values as provided in the Value Reporting Clause and is then subject to the limit of liability of an acquired location as indicated in Item No. 13 of Paragraph 3."

Reporting Form A of the policy reads as follows:

> "Premium Adjustment Clause—The premium named in this policy is provisional only. The actual premium consideration for the liability assumed hereunder shall be determined at the expiration of this policy, by application of the following formula:
>
> " 'A'—After deducting the amount of specific insurance, if any (not exceeding however, the amount of value reported) at each location, an average of the total remaining values reported at each location shall be made, and if the premium on such average values at the rate applying at each location herein provided or in the case of locations acquired (See Limit of Liability Clause), the rate used shall be the rate that is applicable to each such location at the time the location was first reported, exceeds the provisional premium, the

Insured shall pay to the insurer the additional premium, for such excess; and, if such premium is less than the provisional premium, the Insurer shall refund to the Insured any excess paid.

" 'B'—It is a further condition of this policy, anything to the contrary notwithstanding, that the final adjustment premium as provided in this Clause shall in no event be less than this policy's proportion of Two Hundred Dollars ($200.00) per annum."

A fire occurred on October 17, 1956, at the Limestone County Livestock Yards, a location separate and removed from the premises of Sharp and Killen Department Store. As a consequence of this fire the appellees claimed payment for the loss of a substantial amount of merchandise stored in the livestock yard premises.

The appellant denied coverage of said loss and assigned the following grounds:

"A. That the respondents did not declare the acquired location or the value and specific insurance thereon to the complainant company as required by the policy under the Value Reporting Clause recited above.

"B. That failure of the insured to comply with the Value Reporting Clause excluded the Livestock Yards location from the policy under the Exclusion Clause, Paragraph 2, Reporting Form 'A', as recited above.

"C. That the respondents falsely and incorrectly declared the location and cash value of their stock, materials, supplies, etc. and amount of specific insurance to the insurer in writing on October 15, 1956, for the month ending September 30, 1956, in violation of the terms of said policy of insurance and therefore cannot as a matter of law recover for loss at location other than Sharp & Killen Department Store, 206–210 West Market Street, Athens, Alabama."

The appellant prayed that the court declare the Limestone County Livestock Yards excluded from coverage under the terms of the policy and that it was under no obligation to pay the aforesaid loss to the appellees.

Demurrer to the bill of complaint was overruled and the appellees then filed their Special Plea I to the bill of complaint in which the appellees allege that the appellant is estopped to set up the grounds for denial of coverage recited in the original bill in that pursuant to the Premium Adjustment Clause of the policy, a copy of such policy with all endorsements thereon being attached to the plea as Exhibit A and made a part thereof, a provisional premium of $373.50 was paid to the appellant prior to the fire loss in question and that, "immediately after the said fire which occurred on October 17, 1956, in Athens, Alabama, at the Limestone County Stockyards located at the corner of West South and South Marion Street (said livestock yard premises being known and designated as 111 West South Street, Athens, Alabama), these respondents notified complainant of the occurrence thereof and that they, doing business as partners under the name of Sharp & Killen Department Store, had sustained by reason thereof a fire loss of Sharp & Killen Department Store dry goods and merchandise stored by them on said livestock yard premises of the actual cash value of $8,295.00, and that Complainant was liable to them on the policy for the said $8,295.00 total actual cash value of said stored dry goods and merchandise; that Complainant at once caused to be made a thorough investigation of said fire occurrence and said fire loss which Respondents had sustained, including an investigation and inspection of all the monthly report forms and report of values which Respondents had submitted to Complainant under the said value reporting clause of said policy and during said policy period setting out the exact location of all property covered under said policy, the total actual cash value of all such property at each location and all specific insurance in force at each of such locations on the last day of each

calendar month; that Complainant notified Respondents by letter dated October 25, 1956, that as the location 'Limestone County Stockyards barn' was not listed on the said monthly report of values submitted to Complainant by Respondents prior to their said fire loss of October 17, 1956, and that since no values had been listed by Respondents other than as set forth for their main location that Complainant was unable to extend coverage under the policy; a true copy of said letter of October 25, 1956, is attached hereto as Exhibit 'B' and expressly made a part hereof; that the policy was continued by Complainant and Respondents in full force and effect after said fire loss for the balance of the year 1956 and that in compliance with and pursuant to the terms of the Value Reporting Clause and the policy Respondents duly submitted to Complainant their monthly report of values and insurance as of October 31, 1956, within 30 days from said date and thereon listed not only the total values at their main location at 206–210 West Market Street, Athens, Alabama, but also the said $8,295.00 total actual cash value of said dry goods and merchandise which they had had stored in the said Limestone County Stockyards barn at 111 W. South Street, Athens, Alabama, on October 17, 1956; that a true copy of said monthly report of values as of October 31, 1956, is attached hereto as Exhibit C and expressly made a part hereof; that Respondents thereafter duly prepared and submitted to Complainant said monthly reports of value for the remaining months of 1956 in compliance with and pursuant to said policy terms, that at all times hereinabove and hereinafter mentioned the total amount of actual cash value of the said dry goods and merchandise so stored by Respondents in said livestock premises at said 111 W. South Street location and destroyed by said fire occurrence of October 17, 1956, has not been in dispute between Complainant and Respondents, and has been recognized and treated by the parties hereto as in the total amount of $8,295.00."

Respondents further allege in substance that on or about March 19, 1957 (three days after the instant bill of complaint was filed in this cause) and with full knowledge and notice of all the matters, facts and things which are set out in the bill of complaint herein as its grounds for denial of coverage the Complainant company did prepare and present to respondents a "Premium Adjustment" form on said policy pursuant to the aforementioned and above quoted premium adjustment Clause 11, Reporting Form "A", and did therein compute and charge up to Respondents a regular premium charge on the said $8,295 total values of said dry goods and merchandise stored in the livestock yard premises on October 17, 1956, and destroyed on that date by the fire and further therein expressly described the total values of the dry goods and merchandise as being stored by Respondents in October, 1956, at 111 W. South Street, Athens, Alabama, acquired location. A true copy of the "Premium Adjustment" form as prepared and presented to the Respondents by Complainant is attached thereto as Exhibit "D" and made a part hereof. Respondents further aver that Complainant at the time of the presentation of the premium adjustment form to Respondents demanded and requested from Respondents an additional premium payment to it of $108, which additional premium included the premium charge of Complainant for the $8,295 total values of said stored dry goods and merchandise of the Respondents at the livestock yard premises at the time of the fire loss on October 17, 1956, and Respondents promptly paid the additional premium in full as demanded and requested by the complainant.

Respondents further aver that Complainant cannot by this suit for a declaratory judgment deny coverage on the grounds stated therein for the purpose of defense and at the same time treat the storage of the dry goods and merchandise by respondents at the livestock yard premises as valid and in compliance with the terms of the policy and said reporting forms for the purpose of earning and collecting further premiums.

It is further alleged that the appellees assert, on the basis of the above allegations, that appellant is "estopped to now deny coverage for the said $8,295.00 fire loss." The aforesaid plea was set down to test its sufficiency and after hearing the court ruled that said plea "is good in form and substance and that if the matters pleaded therein are true, same constitutes a full bar to the bill of complaint."

The appellant amended its original bill of complaint by adding thereto paragraphs ten and eleven. Paragraphs ten and eleven in substance allege that the premium charge made by the appellant was made in reliance on the appellees' value report dated October 31, 1956, in which the appellees listed goods in value of $8,295 as of October 31, 1956, at a location given as 111 W. South Street, Athens, Alabama; that appellant did not know that this was the location in which was stored the goods totally destroyed by fire on October 17, 1956, and that the report was false and misleading if it was intended by appellees to have such meaning and, therefore, could not be the basis of an equitable estoppel. The appellant also offered to do equity by returning the premium and interest in question.

To the bill as amended the respondents refiled their demurrer which was overruled.

The respondents then filed special Pleas designated as Plea A and Plea B. Plea A adopted by reference each and every allegation of Special Plea One, including the exhibits attached thereto.

The court in its final decree states that Plea B raises the same issue as set forth in Plea I "but does it more elaborately and more argumentatively."

After the aforesaid pleadings had been filed the case was heard on testimony taken orally before the court. The court found that Special Pleas A and B interposed by the respondents constitute a full and complete answer to the contentions made by the complainant in its bill of complaint and that complainant had failed to satisfy the court reasonably by the evidence offered of the matters embraced in either paragraphs 10 or 11 of the bill of complaint as amended. The court thereupon ordered, adjudged and decreed that the complainant is not entitled to the relief prayed for and that the bill of complaint as amended be and the same is hereby disallowed and dismissed out of court.

We think this case can be analyzed and should be considered in connection with the denials of coverage asserted by the complainants as "A", "B" and "C". We have heretofore set forth these three grounds on which there was a denial of the coverage but at the expense of repetition, shall for the purpose of clarity set them forth again.

"A. That the respondents did not declare the acquired location of the value and specific insurance thereon to the complainant as required by the policy under the Value Reporting Clause."

In connection with the denial of coverage designated at "A", the record shows that there were twelve (12) monthly Reports of Value and Insurance introduced by the appellees as Exhibits 1 through 12, inclusive. Each of these reports for the month of January through September 1956 state nothing but the general location "Athens, Alabama." The January, February and March reports were not received by the appellant until May 14, 1956. The April, May and June reports were not received by the appellant until July 9, 1956. The July and August reports were not received by the appellant until October 8, 1956. The September 1956 report was not received by the appellant until October 18, 1956, one day after the occurrence of the loss in question.

■ The adjusters of appellant regarded this last mentioned report as a failure to report the 111 West South Street location and hence as a violation of the Reporting Clause which precluded coverage for the fire loss of October 17, 1956. We consider that these nine exhibits demonstrate that there was no effective provi-

sion in the policy requiring the insured (appellees) to report an acquired location within 30 days from the last day of the month in which the location was first acquired and used. In other words the appellant through its claim and underwriting supervisors shows that the appellant during the year 1956, prior to the October 17, 1956 fire loss, never required specific locations to be listed on the monthly Report of Values from the appellees. It is true that the policy itself contained such a printed provision, but the burden was on the appellant, who filed this bill, to satisfy the court reasonably that such provision was in force and effect. This the appellant has not done. The evidence in the case further shows without contradiction that the appellant during the policy year of 1956 did not require the appellees to list specific locations in their monthly Report of Values as provided in the reporting clause provision of the policy. While there is some evidence tending to show that the appellant made some effort to get the appellees to make more timely reports, without dispute the evidence shows that during the policy years 1955 and 1956 appellant did not require the appellees to furnish it with the Monthly Report of Values within thirty days after the last day of each month, as provided in the reporting clause of the policy. At no time did appellant cancel the policy for delinquent reports or ever threaten to do so. Without contradiction the record shows that in the September 1956 Monthly Report of Values, received by the appellant on October 18, 1956 (one day after the fire loss), the appellees listed only the general location "Athens, Alabama" and included in the report total values stated thereon the total actual value of dry goods and merchandise stored by them in September in the Limestone County Livestock premises known as 111 West South Street. There is no evidence in this record, so far as we can discover, that the appellant ever made the slightest objection to appellees listing only a general location in their Monthly Report of Values for the months of January through September 1956. On the other hand for aught that appears the appellant accepted each of these reports without protest or objection as to their form and contents until after the fire loss of October 17, 1956. We consider that this action of the parties during the policy year 1956 prior to the fire loss, works a modification of the reporting provisions of the policy and since the insurance contract was in an executory stage, the appellant and the appellees were at liberty to do this at their pleasure. Jeff D. Jordan & Co. v. Yancy & Abernathy, 242 Ala. 385, 6 So.2d 473.

■ It has been held that with respect to a contract of insurance as with other contracts, the parties thereto may at their pleasure alter, modify or rescind the contract, so long as the same is supported by their mutual assent and such alteration, modification or rescission may extend to a waiver of any right either party might have under the original contract. Life & Casualty Ins. Co. v. Eubanks, 19 Ala.App. 36, 94 So. 198; Mutual Life Ins. Co., Inc. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L.R.A.1918D, 860.

■ So far as Ground A of Denial of Coverage is concerned, we think that the appellees did in fact "report" to the appellant their so-called acquired location of 111 West South Street in their September 1956 monthly report of values by listing in their overall actual values the total actual value of dry goods and merchandise stored by them in September 1956 at 111 West South Street, Athens, Alabama. The listing of the general location of "Athens, Alabama," seems to us to be a substantial compliance with the policy provisions as including the main location and all acquired locations in the light of the previous reports of the appellees for the months of January through August, 1956, all of which contains the same general location, "Athens, Alabama," and which were received and accepted by the appellant without protest or objection.

Ground B of the Denial of Coverage states that

"The failure of the insured to comply with the Value Reporting Clause excluded the livestock yard location from the policy under the exclusion clause—Paragraph 2—Reporting Form A."

It is obvious that if the evidence in the case does not reasonably tend to establish Ground A, Ground B is without merit.

Ground C of the Denial of Coverage states that

"The respondents falsely and incorrectly declared the location and cash value of their stock, materials, supplies, etc., and amount of specific insurance to the insurer in writing on October 15, 1956, for the month ending September 30, 1956, in violation of the terms of said policy of insurance and therefore cannot as a matter of law recover for loss at location other than Sharp & Killen Department Store, 206-210 West Market Street, Athens, Alabama."

It is obvious that Ground C of the Denial of Coverage is based upon the allegation that appellees falsely and incorrectly declared the location and cash value of their stock, materials and supplies and the amount of specific insurance to the insurer in writing on October 15, 1956, for the month ending September 30, 1956, in violation of the terms of the policy and therefore was not entitled to recover a loss at a location other than the Sharp & Killen Department Store, 206-210 West Market Street, Athens, Alabama. This particular ground is centered around the filing by appellees with appellant of the September 1956 Monthly Report of Values which set out only the general location "Athens, Alabama," and showed total values of $90,685 which include the total actual values of dry goods and merchandise stored by appellees in September 1956 at their 111 West South Street location.

It will be recalled that the Value Reporting Clause reads in part as follows:

"It is a condition of this policy that the insured shall report in writing to this Company not later than thirty days after the last day of each calendar month the exact location of all property covered hereunder, the total actual cash value of such property at each location, etc."

The September 1956 Monthly Report of Values while dated October 15, 1956 was not received by the appellant until October 18, 1956, one day after the occurrence of the fire loss. The uncontradicted evidence shows that the loss occurred at approximately 2:00 A.M. on October 17, 1956. The record does not show the time and date on which the appellees mailed the September 1956 Monthly Report of Values to the appellant. Accordingly as of the time and date of the actual occurrence of the fire of October 17, 1956, the appellees had not made their September 1956 Monthly Report of Values to the appellant. When the appellees actually sustained their $8,295 loss by fire at 2:00 A.M. on October 17, 1956, they had not violated the thirty day reporting provision and actually had thirteen days more, that is until October 31, 1956, in which to report the aforesaid acquired location and the total cash values so stored therein in the month of September 1956. According to the testimony of Sam Stephens, witness for the appellant, the appellant company would have accepted liability immediately after the loss for the dry goods stored by appellees in the livestock yard premises in the month of October 1956 if the month of October was the first time appellees had used that acquired location. Immediately following the investigation of the fire loss by appellants, appellant based its denial of liability for the entire loss (both the September and October stored dry goods) on its claim that appellees had stored some of the dry goods involved in the loss in the month of September 1956 and that appellees had not shown the livestock yard premises as an

acquired location in its Monthly Report of Values as of September 30, 1956, which was dated October 15, 1956.

According to the evidence the investigating adjusters examined appellees' copies of the Monthly Report of Values and not the originals sent to the appellant by the appellees, which were introduced in evidence. Accordingly, the adjusters had no knowledge as to when the reports had been actually made to the appellant.

██ Under the facts in this case appellees had not violated the thirty day reporting clause provision and since the appellees had thirteen days in which to report their September 1956 acquired location to the appellant, when they actually sustained their loss on October 17, 1956, full liability for the entire loss became fixed upon the appellant immediately following the loss. The subsequent receipt by appellant, on the day following the fire, of the September 1956 Monthly Report of Values, did not alter or change the rights or liabilities of the parties, even if it can be said that such September report was not in compliance with the reporting clause provision of the policy. We consider that appellant's liability under the contract must be measured at the time of the loss under the circumstances. There seems to be no doubt to us that the appellees within the thirty day period following September 30, 1956, had the legal right to amend its September 30, 1956 Monthly Report of Values so as to clearly show the 111 W. South Street acquired location with the total values stored therein as of September 30, 1956. The immediate investigation instituted by appellant through its adjuster Grisham on the day of the fire disclosed to the appellant this acquired location, when it was first acquired and the total actual cash value of the goods and merchandise stored therein as of the last day of the preceding September.

██ Following this investigation the appellant by letter dated October 25, 1956, written to the appellees, expressly denied liability for the loss. As a result thereof the appellant waived any necessity, if there was any, for the appellees to amend their September 1956 Report of Values. It should be noted here that the denial of liability dated October 25, 1956, was well within the thirty day period following September 30, 1956, within which the appellees could have reported their September acquired location. We make this statement because a denial of liability by a fire insurance company made within time for presenting proof of loss, waives proof of loss. Continental Insurance Co. v. Parkes, 142 Ala. 650, 39 So. 204; Ray v. Fidelity-Phoenix Fire Ins. Co., 187 Ala. 91, 65 So. 536; United States Fire Ins. Co. v. Smith, 231 Ala. 169, 164 So. 70, 103 A.L.R. 1468; Home Ins. Co. v. Jones, 231 Ala. 484, 165 So. 211.

██ As we have pointed out the court found the evidence sufficient to sustain Pleas A and B to the amended bill of complaint. The basic principle is declared to be as follows:

"The acceptance of premiums by the insurer, with knowledge of a breach of condition or ground for forfeiture, ordinarily constitutes a waiver or estoppel." 45 C.J.S. Insurance § 716a, p. 690.

In the case of Life and Casualty Ins. Co. v. Eubanks, 19 Ala.App. 36, 94 So. 198, the court affirmed the judgment for the plaintiff in the lower court, which involved an action on an accident insurance policy on the principle that a waiver results from the acceptance of a premium from the insured after loss with knowledge of the breach of condition or ground of forfeiture.

In the case of Washington Nat. Ins. Co. v. Scott, 231 Ala. 131, 164 So. 303, 304, this court said:

"There is no principle of insurance law more firmly settled, nor better grounded in justice and reason, than that an insurer, who receives and retains premiums, the very consideration for carrying the insurance risk,

**614**

with knowledge of facts which, under stipulations for his benefit, would, in the absence of such knowledge, empower him to treat the policy as having never been in force, or as being no longer in force, will be held to have waived such stipulations. Waiver, strictly speaking, is a matter of intent. But, in such case, no proof of actual intent is required. Any other intent, in such case, would work a positive wrong or fraud on the insured. The law charges the insurer with the intent to waive under the doctrine of estoppel."

See Bradford Funeral Service v. Burks, 38 Ala.App. 111, 76 So.2d 783; Southern States Life Ins. Co. v. Dunckley, 226 Ala. 588, 148 So. 320, 323. In this last mentioned case this court quoted a rule of law stated in 14 R.C.L. p. 1181, 1190, as follows:

"Where an insurer has knowledge entitling it to treat a policy as no longer in force, and thereafter it receives a premium on the policy, it is estopped to take advantage of the forfeiture. It cannot treat the policy as void for the purpose of defense to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premiums."

See also Scottish Union & National Ins. Co. v. Wylie, 110 Miss. 681, 70 So. 835; Mechanics' & Traders Ins. Co. v. Smith, 79 Miss. 142, 30 So. 362.

Three days after the original bill of complaint in the instant case was filed by the appellant, the appellant demanded of, received and accepted from appellees a premium for the very coverage it was seeking to avoid in the instant suit. In the case of Mutual Life Ins. Co. of New York v. Childs, 64 Ga.App. 658, 14 S.E.2d 165, in dealing with a similar situation, it was held that such action precluded and estopped the insurance company from urging any defense based on fraud or material

misrepresentations in the procurement of the policies which were the subject of the litigation. See also Kleiber Motor Truck Co. v. International Indemnity, 106 Cal. App. 709, 289 P. 865; 45 C.J.S. Insurance § 716, pp. 699–700.

We have carefully considered the evidence in this case in connection with Pleas A and B. We consider that Pleas A and B were legally sufficient and constituted an answer and defense to the allegations of the bill of complaint as amended. Further we do not consider that the evidence sustained the bill of complaint as amended. The trial court heard the evidence orally, had an opportunity to observe the witnesses before he concluded that the appellant had failed to satisfy reasonably the court by the evidence on the matters embraced in either paragraph 10 or 11 of the bill as amended. As we have often said, this finding or conclusion will not be disturbed by us unless palpably wrong. Wilfe v. Waller, 263 Ala. 110, 81 So.2d 614; Trans-American Ins. Co. v. Wilson, 262 Ala. 532, 80 So.2d 253.

The appellant insists that the Monthly Report of Values and Insurance as of October 31, 1956, is false and intentionally wrong. In other words, it is the insistence that the appellees were intentionally wrong and fraudulent in submitting their October 1956 report after the fire loss of October 17, 1956. The evidence shows, however, that the appellant's own General Agent, Jennings, advised the appellees following the fire to send in the report in question and to include the location and value of the goods destroyed.

It is argued by the appellant that no fact came to its attention prior to its demanding of and accepting from appellees a premium for coverage of the destroyed dry goods which would have put it on notice that 111 West South Street and the Limestone County Stockyards were one and the same location. There is testimony in the record, however, which tends to show that M. S. Killen, one of the appel-

lees, obtained the address "111 West South Street, Athens, Alabama," from Mr. W. B. Jennings, the General Agent (Home Ins. Co. v. Jones, 231 Ala. 484, 165 So. 211), of the appellant in Athens, Alabama, prior to filling out and sending in the October 1956 Monthly Report of Values. This is the same agent who later on, on behalf of appellant demanded and received the additional premium for coverage on the destroyed dry goods. Furthermore the Adjuster, Santa Cruz, who was assigned by the appellant to investigate this loss in the latter part of October 1956, testified his investigation shows no evidence that appellees had any acquired location in October on West South Street other than the livestock yard premises. There appears to be no dispute that on the morning of the fire appellant, through its Adjuster Grisham, learned that the livestock yard premises were a total loss and that from and after the fire the appellees could not have continued to use that location for the storage of dry goods and merchandise. The written reports of Grisham and Santa Cruz, which are in evidence, further put the appellant on notice of this fact. The letter dated February 4, 1957, to appellant from the Alabama Inspection and Rating Bureau identified 111 West South Street, Athens, Alabama, as a sales stable and goes on to state that such location was not then rated for occupancy by appellees.

We consider that the foregoing facts demonstrate that appellant had or was charged with knowledge that 111 West South Street, Athens, Alabama, and the Limestone County Livestock Yards were one and the same location when appellant demanded and received from appellees a premium for coverage on the destroyed dry goods.

The appellant cites the case of Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182. This court in that case rightfully held that the plaintiff was estopped. We do not consider, however, that the case here mentioned is apt authority against the appellees because of different factual situations.

We do not understand that the principle stated in the Western Grain Co. Cases, 264 Ala. 145, 85 So.2d 395, is apt authority here. In the Western Grain Cases this court was referring to estoppel by misrepresentation. We do not understand that the appellees have ever contended that the appellant misrepresented facts to them when it demanded of and received from them the premium for coverage on the destroyed dry goods.

Before concluding we wish to note that the appellant tendered back into court the premium in question on October 7, 1958, over one year and six months from the time it was collected from the appellees and almost one year from the time appellees filed in this case their special Plea I, alleging waiver and estoppel based on the collection of the premium by the appellant after the fire loss with full knowledge of all the facts. It seems to be a generally accepted principle that the offer to return an insurance premium by the insurance company must be made within a reasonable time to be effective. What is a reasonable time ordinarily is a question of fact. Under the holding of the court the tender back of the premium in this case came too late. Mechanics' & Traders' Ins. Co. v. Smith, 79 Miss. 142, 30 So. 362. While Brown v. Supreme Lodge, K. P., 225 Ala. 114, 142 So. 388, calls attention to what is now § 7, Title 28, Code of 1940, with reference to return of premiums where life insurance is involved, it indicates approval of the general principle "that one who seeks a rescission of a contract for fraud must act with reasonable promptness after the discovery of the fraud and return or offer to return to the other party that which he had received as a consideration."

Upon a consideration of the matter we think that the decree of the lower court should be upheld.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.