133 So.2d 217

### ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, Inc.

v.

### James A. HICKS.

### 7 Div. 587.

Court of Appeals of Alabama.

Oct. 4, 1960.

Rehearing Denied Nov. 29, 1960.

Clarence Simmons, Jr., Gadsden, and Thos. F. Parker and J. Thaddeus Salmon, Montgomery, for appellant.

Rains & Rains, Gadsden, for appellee.

PRICE, Judge.

This appeal is from a judgment for the plaintiff in an action on an automobile collision insurance policy.

The policy sued on was issued on November 12, 1955, for a six months term and contained the following renewal provision:

"The term of the policy shall be from 12.01 A.M., Central Standard Time as to each of said dates, and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before expiration of the current term and accepted by the company."

The policy was renewed under the above clause until November 12, 1956. The insured, appellee, had a collision loss on November 24, 1956. On November 27, 1956, appellee went to the office of the insurance company's "Agent-Manager" of DeKalb County, told a clerk about the loss, and paid his then delinquent premium, being told by the clerk that coverage for the loss which had occurred before payment of the renewal premium was uncertain. The clerk referred appellee to the "Agent-Manager" for DeKalb County. Appellee told the "Agent-Manager" about the loss and was again informed that coverage was doubtful but that appellee should see the company adjustor in Gadsden. Appellee went to the adjustor and reported the loss. The adjustor said he didn't know whether the claim was covered and would find out and let him know. Subsequently the adjustor told appellee that the loss was not covered. Appellee filed proof of loss on January 8, 1957.

The evidence shows that the payment made by appellee on November 27, was sent to the home office of appellant and accepted there. Appellant has made no reply to the proof of loss filed by appellee and had made no return or tender of return of any part of the premium nor notified appellee in any way that the six months premium paid on November 27, would cover a term of cover-

age to be computed from the date of payment rather than the renewal date of the policy. In short, appellant has accepted the premium for a full six months insurance and denied coverage for approximately ⅟₁₂ of that time.

The only issue raised by the pleadings was whether the policy of insurance was in force at the time of the loss. The renewal receipt issued by appellant contained the stipulation that no coverage was afforded after due date until payment was received. On the trial below, the theory of plaintiff was that by accepting the full six months premium the defendant had recognized the policy as being in force for the full six months and thereby waived the provision for payment on or before expiration of the current term.

■ Appellant assigned eight errors in the record. Four of these (Numbers 1, 3, 6 & 8) are specifically waived by appellant in brief. Assignment of error number two is:

"For that the Court erred in overruling appellant's (defendant's) demurrers to appellee's (plaintiff's) replications one (1), four (4), and five (5)."

Replications one and four were replications of the general issue and were not demurrable. Varnon v. Nabors, 189 Ala. 464, 66 So. 593. Therefore, part of this assignment of error being clearly without merit, the whole assignment of error must be considered as without merit. Sovereign Camp, W. O. W. v. Waller, 232 Ala. 170, 167 So. 563. Crescent Amusement Company v. Knight, 263 Ala. 445, 82 So.2d 919.

The remaining three assignments of error are that the court erred in rendering judgment in favor of appellee. The issues presented on this appeal are: (1) Does the acceptance of a renewal premium after default and after a loss has occurred, with knowledge of the loss, amount to a waiver of the default, and (2) If so, was there such a waiver in the present case?

The doctrine of waiver has been applied in many situations to deprive an insurer of a defense based on a breach of condition by the insured, where the insurer accepts the premium with knowledge of the breach. In General Insurance Company of America v. Killen, 270 Ala. 604, 120 So. 2d 887, 895, the court reviewed the law in this state applicable to waiver by acceptance of premiums, saying:

"The basic principle is declared to be as follows:

" 'The acceptance of premiums by the insurer, with knowledge of a breach of condition or ground for forfeiture, ordinarily constitutes a waiver or estoppel.' 45 C.J.S. Insurance § 716a, p. 690. In the case of Life and Casualty Ins. Co. v. Eubanks, 19 Ala.App. 36, 94 So. 198, the court affirmed the judgment for the plaintiff in the lower court, which involved an action on an accident insurance policy on the principle that a waiver results from the acceptance of a premium from the insured after loss with knowledge of the breach of condition or ground of forfeiture.

"In the case of Washington Nat. Ins. Co. v. Scott, 231 Ala. 131, 164 So. 303, 304, this court said:

" 'There is no principle of insurance law more firmly settled, nor better grounded in justice and reason, than that an insurer, who receives and retains premiums, the very consideration for carrying the insurance risk, with knowledge of facts which, under stipulations for his benefit, would, in the absence of such knowledge, empower him to treat the policy as having never been in force, or as being no longer in force, will be held to have waived such stipulations. Waiver, strictly speaking, is a matter of intent. But, in such case, no proof of actual intent is required. Any other intent, in such case, would

work a positive wrong or fraud on the insured. The law charges the insurer with the intent to waive under the doctrine of estoppel.'

"See Bradford Funeral Service v. Burks, 38 Ala.App. 111, 76 So.2d 783; Southern States Life Ins. Co. v. Dunckley, 226 Ala. 588, 148 So. 320, 323. In this last mentioned case this court quoted a rule of law stated in 14 R.C.L. p. 1181, 1190, as follows:

" 'Where an insurer has knowledge entitling it to treat a policy as no longer in force, and thereafter it receives a premium on the policy, it is estopped to take advantage of the forfeiture. It cannot treat the policy as void for the purpose of defenses to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premiums.'

"See also Scottish Union & National Ins. Co. v. Wylie, 110 Miss. 681, 70 So. 835; Mechanics' & Traders Ins. Co. v. Smith, 79 Miss. 142, 30 So. 362."

In Inter-Ocean Insurance Co. v. Banks, 268 Ala. 25, 104 So.2d 836, 839, it was said:

"But in any event, the acceptance of premiums after injury, the nonpayment of which worked a forfeiture, does not of itself waive the delinquency, if the insurer had no knowledge of such injury, since in such a case it would not have been an intentional relinquishment."

In Life and Casualty Ins. Co. v. Eubanks, 19 Ala.App. 36, 94 So. 198, cited in the General Insurance case, supra, this court held that the acceptance of past-due premiums on an accident policy, after the insurer had knowledge of an accident, was a waiver of forfeiture for nonpayment of premiums, reviving the policy for its full term. Also in Inter-Ocean Ins. Co. v. Banks, supra, the

implication is that acceptance of past-due premiums after loss, with knowledge of the loss will be a waiver of the forfeiture for nonpayment of premiums. Other jurisdictions have followed this view. Prudential Ins. Co. of America v. Bidwell, 103 Ind. App. 386, 8 N.E.2d 123; Forrester v. State Farm Mutual Ins. Co., 97 Ga.App. 618, 103 S.E.2d 619; Miller v. Phoenix Assur. Co., 52 N.M. 68, 191 P.2d 993; Farm Bureau Mut. Auto. Ins. Co. v. Bobo, 4 Cir., 214 F.2d 575; Seavey v. Erickson, 244 Minn. 232, 69 N.W.2d 889, 52 A.L.R.2d 1144; Couch, Cyclopedia of Insurance Law Sec. 691; 45 C.J.S. Insurance § 717d.

■ On the basis of the above authority we hold that the acceptance of a past-due renewal premium after loss, with knowledge of the loss, waives the forfeiture for nonpayment of the premium.

In this case there is a clear acceptance of a past-due renewal premium after loss. The evidence shows that the "Agent-Manager" for DeKalb County was informed of the loss at the time the past-due renewal premiums were paid, and that the "Agent-Manager" had authority to take applications and collect the initial premium but had no authority to issue policies or collect renewal premiums. However, he did collect renewal premiums and he testified that "I do collect renewal premiums in my office."

■ "It is the agent's ostensible or apparent authority—that which he is held out to the world to possess—which is the test of his actual power in the absence of knowledge of limitations thereon on the part of persons dealing with such agent." State Farm Mutual Automobile Ins. Co. v. Newell, 270 Ala. 550, 120 So.2d 390, 393. Dealing with the question of whether an agent's knowledge of a forfeiture when accepting premiums was sufficient to establish a waiver of the forfeiture, the court in United States H. & A. Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117, 118, said:

"The proof showed that Williams was the defendant's district manager, and that he received the premiums, wrote applications, and adjusted and settled losses.

" 'The business of an insurance company is, of necessity, carried on by its officers and agents. The company and its agents and officers are, in law, one and the same as to all transactions within the scope of the authority of the officers and agents, and their acts are imputable to the company. As a general proposition, it may be said that knowledge of an agent of an insurance company, as to matters within the general scope of his authority, is the knowledge of the company, and it is bound thereby.' "

Although there is no direct evidence of appellant's knowledge of the loss at the time it accepted the renewal premium, there is clearly evidence from which it could be found that the "Agent-Manager" was acting within the scope of his authority, thereby imputing the knowledge to the appellant.

Moreover, the company adjustor was informed of the loss and he later denied coverage. Clearly this was sufficient evidence to sustain a finding of knowledge of the company.

■ After knowledge of the loss was unequivocally brought home to appellant by the filing of the proof of loss, appellant took no action of any kind. In General Ins. Co. of America v. Killen, supra, it was held that the return of a premium must be made within a reasonable time in order to avoid the effect of a waiver or estoppel arising out of the acceptance of the premium. Here there was no return or offer to return even that portion of the premium allocable to the period for which coverage is denied.

The judgment is affirmed.

Affirmed.