The plaintiff, Rosa Mae Howard ("Howard"), appeals from a summary judgment for the defendant, Mutual Savings Life Insurance Company ("Mutual Savings"), in an action to recover for fraud. We affirm.
In December 1983, Rosa May Howard's husband, Hills Howard, was diagnosed with cancer, and he was hospitalized three times for treatment before his death on January 27, 1984. At the time of her husband's death, Howard was paying premiums to Mutual Savings for several health insurance policies then in effect for her and her husband. In August 1990, Howard sued Mutual Savings, alleging that it had fraudulently failed to pay Howard all of the amounts she claimed had been due under five hospitalization and cancer policies covering her husband, including a refund of premiums she said was due because of the presence of "other insurance" clauses in those policies.[1]
Howard amended her complaint to allege that Mutual Savings had been guilty of fraud and misrepresentation or deceit because, she alleged, it had failed to pay monies she alleged had been due under the policies. The amended complaint further asserted that shortly after her husband's death, Howard was told by the Mutual Savings manager in Selma, Alabama, that Mutual Savings had paid all monies that should have been paid. Based on that asserted statement, Howard alleged that Mutual Savings had consciously and deliberately engaged in oppression, fraud, negligence, wantonness, or malice.
On September 30, 1991, Mutual Savings moved for a summary judgment, contending that Howard had brought her claims beyond the applicable statutory limitations period, which it contended had begun to run in 1984. The court entered a summary judgment for Mutual Savings. Howard appealed and, on September 4, 1992, this Court reversed that summary judgment on the statute of limitations grounds, and remanded the case for further proceedings. Howard v. Mutual Savings Life Ins. Co.,608 So.2d 379 (Ala. 1992).
On August 30, 1993, Howard filed a second amended complaint, contending that the "other insurance" clauses in some of the policies issued to Hills Howard made the policies void and worthless from the beginning, that Mutual Savings failed to disclose that the policies were void and worthless, and that Mutual Savings continued to take premiums from Hills Howard. Based on those contentions, Howard alleges that Mutual Savings is guilty of fraud.
On the motion of Mutual Savings, the court entered a summary judgment on the merits on February 2, 1994. The trial court held that: (1) the subject policies were not void or voided; (2) Mutual Savings had not breached any of the contracts of insurance; (3) there was no misrepresentation or reliance; (4) there was no suppression of material facts and no damage; (5) nonenforcement of "other insurance" clauses is permissible; and (6) the doctrines of ratification and estoppel required the entry of a summary judgment. Howard appealed.
A summary judgment is proper and must be affirmed on appeal if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Gray v. Liberty Nat'l Life Ins. Co.,623 So.2d 1156 (Ala. 1993). We review a summary judgment by the "substantial evidence" rule. Under this rule, once the movant has made a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the nonmovant must rebut this showing by presenting "substantial evidence" creating a genuine issue of material fact. "Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons *Page 870 
in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989); Hensonv. Celtic Life Ins. Co., 621 So.2d 1268 (Ala. 1993); Ala. Code 1975, § 12-21-12(d). Also, all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party. Henson; Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990).
The issue on this appeal is whether two of the five policies issued to Hills Howard were void and worthless because of the "other insurance" clauses contained in those two policies. The five policies issued to Hills Howard may be divided into two groups. Policy No. 8853803, issued on November 10, 1969, and policy No. 1477262, issued on August 20, 1979, are both limited pay cancer policies. Howard apparently does not complain about these two policies on appeal. The second group is made up of limited pay hospital policies issued to the plaintiff's husband before their marriage. These policies include: policy No. 486509, issued on August 3, 1959; policy No. 7003164, issued on September 3, 1962; and policy No. 9414099, issued on December 13, 1971. Howard does not complain about policy No. 486509 on this appeal; thus, policy No. 7003164 and policy No. 9414099 are the two policies pertinent to this appeal. These two policies contain the following provision:
 "Other Insurance in this Company: If a like policy previously issued by the company to the Insured be in force concurrently herewith, making the aggregate indemnity in excess of that provided by this policy, the excess insurance shall be void and all premiums paid for such excess shall be returned to the Insured or to his estate."
Howard argues that the later-issued policy, No. 9414099, was void by the terms of this clause and that neither Howard, nor her husband Hills Howard, ever had a binding contract under that second policy, although Mutual Savings collected premiums on that second policy until 1984. On appeal, Howard asserts that the acceptance of premiums for policy No. 9414099 amounts to fraud.
We have carefully studied the record in this case, and we conclude that the summary judgment on the fraud claim is due to be affirmed. Howard asserts that the clause quoted above necessarily voids the later policy issued by Mutual Savings after the first policy was issued in 1962. We disagree. "Other insurance" clauses are for the protection of the insurance carrier, to protect it from paying for multiple recoveries on the same claim, and they may be expressly or impliedly waived by the insurer. Couch on Insurance (Second) § 26A:109 (Rev. ed. 1984). An insurer can waive an "other insurance" provision when, with knowledge of a fact or situation that would invoke that provision and thereby relieve the insurer of an obligation to pay, it continues to accept premiums. General Insurance Co.v. Killen 270 Ala. 604, 120 So.2d 887 (1960); Newriter v. Life Cas. Ins. Co. of Tennessee, 26 Ala. App. 185, 157 So. 71,cert. denied, 229 Ala. 359, 157 So. 73 (1934); National Life Acc. Ins. Co. v. Jackson, 18 Ala. App. 347, 92 So. 201 (1921),cert. denied, 207 Ala. 713, 92 So. 921 (1922). See Henson v.Celtic Life Ins. Co., 621 So.2d 1268 (Ala. 1993). Assuming that the "other insurance" clause could have rendered the later policy void and worthless, we must conclude that Mutual Savings waived the enforcement of "other insurance" clauses by accepting premiums over a 12-year period. In view of the waiver, Mutual Savings was obligated to pay when claims were made on the policy, not to return the premiums. This is exactly what Mutual Savings did. Therefore, we hold that Mutual Savings did not commit fraud in accepting premiums, and did not commit fraud in paying claims on the policies instead of returning premiums.
Howard has cited no authority for the proposition that the "other insurance" clause contained in the second policy voids that policy and renders that policy worthless by its own terms. Ala. Code 1975, § 27-19-19, specifically authorizes such a clause in an accident and sickness insurance contract. Based on the foregoing, we decline to hold that the presence of the "other insurance" clause in the second policy, No. 9414099, *Page 871 
without more, voids that policy by its own terms.
The elements of a fraud claim are: (1) a misrepresentation of a material fact; (2) made willfully to deceive or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence. § 6-5-101, Ala. Code 1975; McGarryv. Flournoy, 624 So.2d 1359 (Ala. 1993). Howard presented no substantial evidence to defeat the defendant's properly supported motion for summary judgment.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM JJ., concur.
[1] The "other insurance" clauses in two of the five subject policies provide:
 "If a like policy previously issued by the Company to the Insured be in force concurrently herewith, making the aggregate indemnity in excess of that provided by this policy, the excess insurance shall be void and all premiums paid for such excess shall be returned to the Insured or to his estate."