BUTTS, Justice.
We granted Darron L. Ikner’s petition for a writ of certiorari to review the Court of Civil Appeals’ affirmance of the summary judgment entered by the trial court on claims Ikner brought against Blue Cross and Blue Shield of Alabama (“Blue Cross”). Ikner’s complaint against Blue Cross contained three counts alleging fraud, breach of fiduciary duty, and fraudulent suppression. For the reasons discussed below, we affirm.
In 1965 or 1966 Ikner purchased an individual adult medical insurance policy with Blue Cross, which he maintained until 1993. He married in 1967, and the marriage has continued to the present. Ikner has also worked for employers that provided group medical insurance under which he was covered.
Neither Ikner’s original policy, nor the replacement policies he received before 1988, made any statement regarding any effect of his marriage or his coverage under an employer’s medical insurance had on his eligibility for his Blue Cross insurance. However, in May 1988, Ikner’s wife went to her local Blue Cross office to make a premium payment on her husband’s policy. A clerk in the office questioned her husband’s eligibility for the policy, but then, after speaking with a superior, accepted the premium payment. Then, in December 1988, Ikner received a new replacement policy from Blue Cross. The policy added provisions stating that persons who were married or who were covered under other medical insurance were not eligible for enrollment under the policy, and that any existing insurance coverage for a person who met one of those two conditions was terminated immediately. Ikner did not receive a specific notice from Blue Cross at that time regarding the effect those policy provisions had on him, even though Blue Cross was at least impliedly aware that he was married and had other medical insurance. Ikner continued to make premium payments, which Blue Cross accepted.
In December 1992, Blue Cross provided Ikner with written notice that his coverage under the policy would be terminated in 80 days because his marital status and his coverage under other medical insurance contracts eliminated him from continued enrollment under the kind of policy he had.[1] Blue cross terminated the policy at the end of January 1993. Ikner did not make a claim for benefits during the period December 1988 to January 1993; accordingly, Blue Cross never denied a claim by Ikner during that time.
After his policy was terminated by Blue Cross, Ikner sued Blue Cross, alleging: (1) that Blue Cross had misrepresented to him that he had medical insurance coverage from December 1988 to January 1993 and had done so with the intent to deceive him, (2) that Blue Cross had had a fiduciary duty to inform him that he did not have insurance coverage during that period, and that it had breached that duty, and (3) that Blue Cross had fraudulently suppressed the fact that he had no insurance coverage during that period. The trial court entered a summary judgment for Blue Cross on these claims, and the Court of Civil Appeals affirmed, without opinion. Ikner v. Blue Cross & Blue Shield of Alabama, 681 So.2d 655 (Ala.Civ.App.1995) (table).
I.
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence in support of his position creating a *10 genuine issue of material fact. Betts v. McDonald’s Corp., 567 So.2d 1252 (Ala.1990).
II.
The foundation of Ikner’s claims against Blue Cross is his contention that while he was making premium payments from December 1988 to January 1993, his policy had actually been terminated by the marital and “other insurance” provisions, but that Blue Cross accepted those payments and allowed him to continue making them even though he no longer had coverage under the policy. He argues that Blue Cross’s acceptance of those payments was a misrepresentation that he had insurance coverage. He also argues, in support of his fraudulent suppression and breaeh-of-fidueiary duty claims, that Blue Cross had a duty to inform him that he had no coverage.
Ikner contends that under Alabama law, Blue Cross did not waive the marital and “other insurance” provisions by accepting his premium payments, and that he could not have used Blue Cross’s acceptance of his premium payments as a basis to judicially estop it from denying him coverage if he had made a claim. He cites opinions by this Court holding that coverage under an insurance policy cannot be enlarged by judicial estoppel.
In response, Blue Cross argues that while it may have placed certain provisions in its individual adult medical insurance policy in December 1988 that could have eliminated Ikner from enrollment under that type of policy, it did not enforce those provisions until December 1992, when it sent policyholders such as Ikner a letter informing them that their coverage would be terminated in 30 days. Thus, Blue Cross argues that Ikner actually had medical insurance coverage under his policy from December 1988 to January 1993. Blue Cross says that it paid numerous claims by policyholders situated as Ikner was, until it enforced the marital and “other insurance” provisions at the end of 1992. Moreover, Blue Cross says that under Alabama law an insurer’s acceptance of premium payments will estop it from enforcing eligibility exclusions, and, thus, that even if it had wanted to enforce the marital and “other insurance” provisions, it could not have done so while accepting payments.
We conclude that Ikner’s claims must fail because there was no misrepresentation or suppression of fact by Blue Cross. Blue Cross did not misrepresent the fact that Ikner had insurance, because that fact was true. Blue Cross did not suppress (or fail to inform Ikner of) the fact that he had no coverage, because he did have coverage. It is well settled under Alabama law that when an insurer has knowledge of a fact or situation that it could use to invoke a provision of its policy that would render the policy void and worthless, but nonetheless continues to accept premium payments from its insured, it will be considered to have waived that provision and will be estopped from using that provision to deny a claim. Howard v. Mutual Savings Life Ins. Go., 650 So.2d 868 (Ala. 1994); Henson v. Celtic Life Ins. Co., 621 So.2d 1268 (Ala.1993); Intercontinental Life Ins. Co. v. Lindblom, 571 So.2d 1092 (Ala.1990), cert, granted, vacated on other grounds, 499 U.S. 956, 111 S.Ct. 1575, 113 L.Ed.2d 641 (1991), on remand, 598 So.2d 886 (Ala.), cert. denied, 506 U.S. 869, 113 S.Ct. 200, 121 L.Ed.2d 142 (1992); Alabama Farm Bureau Mut. Cos. Ins. Co. v. Hicks, 272 Ala. 574, 133 So.2d 221 (1961); General Ins. Co. of Am. v. Kitten, 270 Ala. 604, 120 So.2d 887 (1960). Thus, Ikner had insurance coverage under his Blue Cross policy from December 1988 to January 1993; if he had made a valid claim for medical insurance coverage during that period, Blue Cross would have been legally obligated to pay that claim.
Because we conclude that Ikner had insurance coverage under his Blue Cross policy from December 1988 to January 1993, the trial court correctly entered the summary judgment in favor of Blue Cross and the Court of Civil Appeals properly affirmed that judgment.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.

. The insurance policy specifically provided for modification or termination by Blue Cross, given 30 days notice to the policyholder.